STATE OF MISSISSIPPI *v.* FELIX P. FITZGERALD, ADMR.

LAND COMMISSIONER. *Replevin for timber cut from state land. Sixteenth sections. Code* 1892, §§ 2565, 2566, 2589, 2590.

> The land commissioner is authorized, under code 1892, §§ 2565, 2566, 2589, 2590, defining the powers and duties of that officer, to institute and maintain, in the name of the state, replevin for cross-ties cut by a trespasser from a sixteenth section of land, which had been sold to the state for nonpayment of taxes.

FROM the circuit court, second district, of Coahoma county. HON. F. A. MONTGOMERY, Judge.

The state, acting by and through the land commissioner, was the plaintiff in the court below; one Cyrus, presumably the appellee's intestate, and the Yazoo & Mississippi Valley Railroad Co., were original defendants there. The action was replevin for the recovery of cross-ties cut from timber growing on a sixteenth section of land which had been sold for state and county taxes, and purchased by the state before the timber was cut. The other facts appear in the opinion of the court.

*Butt & Butt*, for appellant.

The defendant, Cyrus, had pleaded in bar. While the plea in bar was on file, the court allowed Fitzgerald, administrator, to file a plea in abatement. Plaintiff demurred to the plea in abatement, and the court overruled the same, and caused the plaintiff to proceed to trial on the plea in abatement.

Suits can be brought by the land commissioner, in the name of the state, in behalf of the public lands, and for that purpose he may employ attorneys. Code 1892, § 2565. The land commissioner shall protect public lands and cause proper suits to be brought. Code 1892, §§ 2589–2590.

The right by the commissioner, in the name of the state, to

sue for trespass upon the sixteenth section lands is clear; the title is in the state; when the land has been leased, and afterwards sold to the state for taxes, the state becomes invested with the remainder of the lease.

No counsel appeared in the supreme court for the appellee.

WOODS, C. J., delivered the opinion of the court.

Cyrus, one of the original defendants, interposed the plea of the general issue at the October term, 1897, of the circuit court, and while this plea remained, and without any suggestion of the death of Cyrus, or any revivor against his representatives, at the succeeding term Fitzgerald, as administrator of Cyrus, filed his plea in abatement, on the ground that the land commissioner had no authority to institute the suit. To this plea in abatement the plaintiff demurred and the demurrer was by the court overruled. The parties then went to a jury on the plea in abatement, and under instruction from the court returned a verdict on that plea in favor of the defendant, and thereupon the suit was by the court dismissed.

Before this, however, an order had been entered dismissing the suit as to the Yazoo & Mississippi Valley Railroad Company, one of the defendants. A motion was thereafter promptly made by counsel for plaintiff to set aside this order of dismissal, for the reason, as stated in the motion, that this order had been made in the absence of plaintiff's counsel, and without his knowledge or consent. This motion was never acted upon, so far as the record discloses.

The second error assigned goes to the alleged action of the trial court in not sustaining the motion to strike from the files the plea in bar and the plea in abatement; but no such motion appears in the transcript, nor, of course, any action of the court upon it.

The record is most imperfect and unsatisfactory, but some of the errors complained of are manifest.

The plea in abatement was improperly filed while the plea in bar remained undisposed of. But if the same had been properly filed and a trial properly had on it, the action of the court in instructing the jury to find on that issue for the defendant was incorrect. The lands from which the cross-ties had been cut had, long before the suit was instituted, been forfeited to the state for nonpayment of taxes, and title was vested in the state, and the land commissioner was authorized to institute suits of this character. While the commissioner has charge of the sixteenth section lands as such for supervisory purposes only, it is clear that after such lands had been sold or leased to citizens and have become subject to taxation, if they are forfeited for nonpayment of taxes to the state, after the time allowed by law for redemption shall have expired, it is the duty of the commissioner to protect them as any other lands belonging to or under the control of the state. Moreover, if other lands had been selected for school purposes in lieu of this sixteenth section, it was never part of the lands dedicated as a sixteenth section to school purposes, and was always subject to sale for nonpayment of taxes; and these questions were for determination on a trial on the merits, on proper pleadings. See §§ 2565, 2566, 2589 and 2590.

*Reversed and remanded.*