## Caston v. Pine Lumber Company.

[69 South, 668.]

1. TAXATION.  *Property taxable.  Growing timber.  Sale for nonpayment of taxes.  School lands.  Conveyance of timber.  Rights of purchaser.*

One person may own the land, and another may own the timber thereon, and the land may be separately assessed for taxation to the owner thereof, and the timber growing thereon may also be assessed for taxation to the purchaser of same.

2. PUBLIC LANDS.  *School lands.  Conveyance by lessee.*

The right of the lessee of sixteenth-section lands to use the timber thereon is limited, but a valid conveyance of this right can be made which would transfer whatever rights the lessee had to use the timber.

3. SALE FOR NONPAYMENT OF TAXES.  *School lands.  Conveyance of timber.*

Where the lessee of sixteenth-section land sold the timber thereon to one who had it separately assessed to it and paid the taxes thereon, but the owner of the leasehold interest in the land failed to pay the taxes on the land and it was sold for such taxes, and the purchaser of the timber obtained from the board of supervisors a conveyance of the timber.  In such case the purchaser of the timber by paying its taxes thereon retained its rights to the timber, which was a sufficient basis for the contract with the board of supervisors, and it was therefore the owner of the timber.  And the purchaser at the tax sale acquired only the soil but no right to the timber.

APPEAL from the chancery court of Covington county. HON. R. E. SHEEBY, Chancellor.

Suit by E. G. Gaston against the Pine Lumber Company. From a decree in favor of defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Hirsh, Dent & Landau,* for appellant.

*T. Brady, Jr.,* and *Mayes & Mayes,* for appellee.

COOK, J., delivered the opinion of the court.

Complainant below, appellant here, claims title to certain sixteenth-section land in Covington county. It appears from the record that this land was legally leased in 1846 for ninety-nine years; that the leasehold interest in the land was sold for the nonpayment of taxes assessed against it for the fiscal year 1903, and appellant claims title, through mesne conveyances, to this tax title. The bill of complaint prays for a confirmation of this title, and also for damages for cutting and otherwise destroying the timber on the land.

Appellee, defendant and cross-complainant below, alleged that he was the owner of the timber, and bases his claim upon the fact that in 1902 and 1903 the land and timber were separately assessed; that, while the taxes on the land were not paid, the taxes on the timber were paid, and appellee through mesne conveyances is the owner of the original timber rights of the owner of the leasehold. In other words, defendant and cross-complainant did not deny that complainant was the owner of the leasehold interest in the land, but did deny that he was the owner of the timber growing thereon, inasmuch as the land and timber were separately assessed, and the taxes were paid on the timber. The record discloses that the board of supervisors in 1905 conveyed the merchantable timber on the land to one of defendant's predecessors in title.

The bill of complaint proceeds upon the theory that, complainant being the owner of the unexpired lease of the land, he thereby secured the right to sue for the value of the timber taken off of the land by appellee. Appellee contends that appellant is the owner of the lease only so far as the use of the land itself is concerned. Having only bought the unexpired lease of the land at the tax sale, he did not thereby obtain any right, title, or interest in the timber growing thereon; the timber right having been disposed of by the former lessee of the land.

It is settled law that one person may own the land, and another may own the timber growing thereon, and that the land may be separately assessed for taxation to the owner thereof, and the timber growing thereon may also be assessed for taxation to the purchaser of same. *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540; *Fox* v. *Lumber Co.,* 80 Miss. 1, 31 So. 583.

Appellant insists that the conveyances to the timber on the land were absolutely void, and relies on the following cases to support his contention, viz.: *Warren County* v. *Gans,* 80 Miss. 76, 31 So. 539; *Lumber Company* v. *Harrison County,* 89 Miss. 485, 42 So. 290, 873; *Lumber Co.,* v. *State,* 97 Miss. 355, 53 So. 1.

These cases deal with the right of the lessee as against the beneficiaries of the sixteenth-section fund, and we do not construe them to mean that the lessee has no right in the timber upon the land leased, in the sense that he could not make a valid deed to whatever interest he might own in the timber. The right of the lessee to use the timber is limited, but we think a valid conveyance can be made of this right which would transfer whatever rights the lessee had to use the timber. Under certain circumstances, the rights of the lessee might be of considerable value.

So it appears appellant in this case is the owner of the leasehold of the land purchased at the tax sale, but it by no means follows that he is the owner of the timber. The

land was forfeited for taxes, but the timber was not, and it seems to logically follow that the separate owner of the timber could obtain from the board of supervisors a valid contract to remove same, as he already owned the lessee's interest.

The lessee and those claiming under him got all of the rights of the lessee. The lessee forfeited his right to the land when he failed to pay the taxes assessed against it, but the purchaser of the timber did pay the taxes separately assessed against the timber, and thereby retained whatever timber right he had, and it was this right that came down to the appellee, small in itself, but as a basis for a contract with the board of supervisors to remove the timber it may be of considerable value. The purchaser at the tax sale got just what was sold—the soil—because the owner had sold his rights and the title in the growing timber, and the purchaser had separately assessed this property and the taxes were paid. The only outstanding interest in the timber was vested in the board of supervisors for the benefit of the school fund, and by buying this right the appellee became the owner of all the merchantable pine timber.

We think, however, that the decree of the lower court should be modified to the extent of vesting the title to the merchantable pine timber alone, and decree will be entered here accordingly.

*Affirmed.*