## FERMWOOD LUMBER CO. *v.* ROWLEY ET AL.

### [71 South.  3.]

1. PUBLIC LANDS.  *Lease.  Sale of timber.  Validity.  Cutting logs. Power of board of supervisors.  Trespass.  Measure of damages.*

   A conveyance of timber by a lessee of sixteenth section land, whose unexpired term continues for fifty-five years, is valid against one who with notice thereafter purchased the right to cut all the timber growing on the land from the board of supervisors.

2. PUBLIC LANDS.  *Lease.  Cutting logs.  Powers of board of supervisors.*

   In such case the only control which the board of supervisors had over the timber was to prevent its being cut or destroyed, except in accordance with the rules of good husbandry, unless the right so to do should be purchased from it, and this right it could sell only to or with the consent of the lessee of the land, or to or with the consent of the person to whom the lessee had sold the timber and his assigns.

3. SAME.

   In such case the board of supervisors had no authority either to cut or remove the timber, or to authorize appellee so to do. The only right which it did have was simply the right to sell to appellant or its assignee, the right to cut and remove the timber for uses not within the rules of good husbandry.

4. TRESPASS.  *Measure of damages.  Wrongful cutting of timber.*

   The measure of damages for the wrongful cutting of timber is the value of the timber cut and removed.

APPEAL from the chancery court of Marion county. HON. R. E. SHEEHY, Chancellor.

Suit by Fermwood Lumber Company against William Rowley and others.  From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mounger & Ford,* for appellant.

On the 17th day of August, 1914, we filed our original brief on behalf of the appellant and undertook to demonstrate by references to the authorities as the basis of

our contention, that a lessee of sixteenth-section land, though his right to the use of the timber is limited, may make a valid conveyance of that right which will transfer whatever rights he has to use the timber. On October 11, 1915, this court handed down its decision in the case of *Caston* v. *Pine Lumber Company,* deciding the exact point above referred to, in accordance with our contention. We now respectfully call the court's attention to this case as reported in No. 14, Vol. 69 of the South Reporter, beginning at page 668. We call especial attention to the following language used in the opinion:

"The lessee forfeited his right to the land when he failed to pay the taxes assessed against it, but the purchaser of the timber did pay the taxes separately assessed against the timber and thereby retained whatever timber right he had, and it was this right that came down to the appellee, small in itself, but, as a basis for a contract with the board of supervisors, to remove the timber, it may be of considerable value."

By referring to our original brief, or by referring to the record without regard to our original brief, it will readily appear that the court below decided the case at bar adversely to the appellant on the ground that the appellant had no right whatever in the timber by virtue of the deed conveying the same to it, and that such deed was utterly worthless, even as a basis for contract with the board of supervisors to remove the timber. In the *Caston case* above referred to, the value of a timber deed is recognized, and it is recognized as being of value specifically as the basis of a contract with the board of supervisors, to remove the timber, and it is said that for this purpose, it may be of considerable value. The court below deprived appellant of this benefit as well as of every other benefit which the appellant had by virtue of its deed, and we respectfully submit that a consideration of the *Caston case,* will show that it is decisive of our case, and entitles us to a reversal of the decision of the court below.

*Dale & Rawls,* for appellees.

Counsel for appellant, in their supplemental brief, contends that the holding of the court in the *Caston case* recently decided, reported in No. 14, Vol. 69 of Southern Reporter, beginning at page 668, is decisive of the case at bar, and entitles the appellant to a reversal of the decision of the court below. Counsel say:

"By referring to our original brief, or by referring to the record without regard to our original brief, it will readily appear that the court below decided the case at bar adversely to the appellant on the ground that the appellant had no right whatever in the timber by virtue of the deed conveying the same to it and that such deed was utterly worthless, even as a basis for a contract with the board of supervisors to remove the timber."

We do not understand that the lower court in the case at bar held that appellant's deed was worthless to the extent that it would not be a basis for a contract with the board of supervisors to remove the timber.

The facts in the *Caston case* are very different indeed from the facts in the case at bar. In the *Caston case* appellee, who was claiming the timber, not only had whatever interest the lessee had in the timber, one of his predecessors in title having kept the same alive by paying the taxes on the timber separately assessed, but had also vested in himself the outstanding interests in the timber purchased of the board of supervisors, and as a matter of course, thereby became and was the owner of all of the merchantable pine timber. In the case at bar, appellant, the Fernwood Lumber Company, had only such rights in this timber as was conveyed to it by the lessees Cyrus Lewis, a right that is limited and peculiarly fixed, and to be determined in each instance by the circumstances surrounding it; a right which as was said in the *Caston case,* "as a basis of a contract with the board of supervisors to remove the timber it may be of considerable value. "But this right appellant, the Fernwood Lumber Company, did not avail itself of. Appellant had the right

to purchase this timber from the board of supervisors, but did not avail itself of the right, and appellee, as lessee of the land having also a right to purchase the timber and contract with the board of supervisors for the removal of same, did so, and as we contend, thereby acquired title to all of the merchantable timber on the lands.

We yet contend that there was no error in the holding of the lower court, and that the same should be affirmed.

SMITH, C. J., delivered the opinion of the court.

In March, 1900, Cyrus Lewis, being the lessee of the northeast quarter of the northeast quarter of a sixteenth section situated in Marion county, the unexpired term of his lease being about fifty-five years, sold and warranted to appellant the timber growing thereon by deed duly acknowledged and recorded. In October, 1910, Lewis, by deed, conveyed to appellee Rowley all his interest in the lease. In January, 1912, Rowley purchased from the board of supervisors of Marion county all of the timber growing on this land, and afterwards sold it to appellees Bourn and Williamson, who, over the protest of appellant, proceeded to cut and remove it, whereupon appellant filed its bill in the court below against them, and also against Rowely, praying that they be enjoined from cutting the timber, and that an account be taken of that cut and removed, and that he be awarded damages therefor. No injunction was issued, and the case proceeded to trial solely upon appellant's claim for damages. On final hearing, the bill was dismissed on the ground, as recited in the decree, that appellant had no interest in the timber.

As we understand this record, the only question presented to us for decision is: Did appellant have an interest in the timber; and, if so, what was the character thereof, and the measure of damages sustained by him because of its removal? The conveyance of the timber by Lewis to appellant was valid, and vested in appellant the right to appropriate it whenever it could be lawfully cut and re-

moved from the land. *Caston* v. *Lumber Co.*, 69 So. 668. And since appellee Rowley had notice of this conveyance when he purchased the land, he obtained by this purchase no title or right to the timber.

The only control which the board of supervisors had over the timber was to prevent its being cut or destroyed, except in accordance with the rules of good husbandry, unless the right so to do should be purchased from it, and this right it could sell only to, or with the consent of, the lessee of the land (*Dantzler Lumber Co.* v. *State,* 97 Miss. 355, 53 So. 1), or to or with the consent of the person to whom the lessee had sold the timber, and his assignees. In the case at bar the only person to whom this right could have been lawfully sold was appellant, so that Rowley and his assignees, Bourn and Williamson, acquired no right to appropriate the timber by virtue of Rowley's contract with the board. The board of supervisors had no authority either to cut and remove the timber, or to authorize appellees so to do. The only right which it did have in this connection, and consequently the only right which Rowley and his assignees acquired by virtue of Rowley's contract with the board; was simply the right to sell to appellant, or its assignees, the right to cut and remove the timber for uses not within the rules of good husbandry.

The interest of appellant in the timber being as herein before outlined, and appellees having neither title thereto nor right of possession thereof, the case, as to the measure of damages, falls within the rules laid down in 38 Cyc. 2089, par 4. From which it necessarily follows that the measure of appellant's damages is the value of the timber cut and removed.

*Reversed and remanded.*