LEWIS *v.* MYER.

[77 South. 297, In Banc.]

1. PUBLIC LANDS. *Lease. Timber cutting by trespasser. Compromise. Sixteenth section.*

   The owner of the lease to a sixteenth section has such an interest in the timber growing on the land as will entitle him to recover damages for the wrongful removal of the timber by a third person, even though after the timber was cut from the land there remained on the land a plenty of timber for estovers.

2. SAME.

   In such case the owner of the lease may recover on a note given him in compromise by one who has wrongfully cut timber thereupon.

APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

Suit by Joseph Myer against J. S. Lewis. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. P. Guthrie,* for appellant.

There is involved in this case, the question of whether or not the lessee of sixteenth section land has such title vested in him as gives him the right to sue for and recover for timber cut, where there is plenty of timber left for estovers. The special plea in this case alleges that the check sued on was given for a compromise settlement of timber cut by appellant, and further alleges that there was plenty of timber left on the premises for estovers. This being the allegations of the plea, it was certainly a question upon which the evidence should have been introduced, and which should have been decided by the jury in case the evidence supported the plea.

The court is familiar with what constitutes estovers, and we deem it unnecessary to enter into any elementary definition of what this term means in legal phraseology. Mr. Tiedeman in his Third Edition on Real Property, at page 68, section 507.

Mississippi courts are very clear on the question of liability of a tenant for waste on sixteenth section lands. The case of *Board of Supervisors of Warren County* v. *Gans et al.,* decided in 90th Mississippi, page 76, 31 So. 539, was a case in which the board of supervisors of that county instituted an action of replevin, to recover certain logs which had been cut from sixteenth section land leased for a period of ninety-nine years. The lessee in this case had sold the timber while standing, and their purchasers had cut and felled the timber from the land, and in this case it was contended that they were not liable, and that the action of replevin would not lie to recover the timber by the board of supervisors for the

reason that it was the intention of the lessees to clear the land for cultivation, and because the trees thereon impeded the cultivation of the fields already cleared and in cultivation. The court in that case gave a peremptory instruction for the defendant. 4 Kent, Comm. pg. 76, et seq., and notes; *Jackson* v. *Brownson,* 7 Johns. 232, 5 Am. Dec. 258; *Mooers* v. *Wait,* 3 Wend. 104, 20 Am. Dec. 667.

Other cases supporting the same contention are *Waltern* v. *Loeery,* 74 Miss. 480, 21 So. 246; *Learned* v. *Ogden,* 80 Miss. 769, 32, So. 278, 92 A. S. R. 621; *Cannon* v. *Barry,* 50 Miss 289; *Jefferson Davis County* v. *James-Sumerall Lumber Company,* reported in 94 Miss. 430, 49 So. 611; *Jefferson Davis County* v. *Long et al.,* 94 Miss. 538, 49 So. 613; *Moss Point Lumber Company* v. *Board of Supervisors of Harrison County,* reported in 89 Miss. 448, 42 So. 290, and 873.

Section 4700 of the Code of 1906, provides among other things, that, ''No timber shall be cut or used by the lessees except for fuel and necessary repairs and improvement on the land.'' So, also *Warren County* v. *Gans,* 80 Miss. 76, 31 So. 539, cited. *supra.* For the rights of the landlord to sue for an injury to the freehold, see 24 Cyc., pages 925, 930, 931 932. Also note to *Beakly* v. *Board,* annotated cases 1912-D, pages 120 and 123; *Winston* v. *Franklin Academy,* 28 Miss. 118; *Rigby Fertilizer Company* v. *Scott,* 56 So. (Ala.) 834, all of which authorities and weight of authority hold that the landlord has a right to sue for an injury to the freehold, where such injury operates against the reversionary estate of the landlord. In the case at bar, so far as the pleadings show, the only injury that could have been possible to the estate, was the injury to the reversionary interest, because the pleadings allege sufficient estovers, certainly the lessee had no right to the timber on the land in question, except his right in the estovers.

On the question of waste committed by a stranger see 40 Cyc. at page 515. *Baker et al.* v. *Hart et al.,* 123 N. Y. 470, 25 N. E. 948, 12 L. R. A. 60; *Grub* v. *Bayard,* 2 Wall Jr., 81; *Doe* v. *Wood,* 2 Barn. & Ald. 724; *Clement* v. *Youngman,* 40 Pa. St. 480; *Arnold* v. *Stevens,* 24 Pick. 106. But it is sought to be sustained on another theory. The doctrine is invoked that a tenant for life or years is bound to answer to the owner for any waste committed, even though it be the act of a stranger. Such is undoubtedly the rule. *Cook* v. *Transportation Co.,* 1 Denio. 91, 104. But it applies to the case of a tenancy. It proceeds upon the ground that the leased premises have passed into the possession of the tenant, so that an entry, unless under some special reservation, by the lessor himself would be a trespass. The latter cannot protect the premises, because for the time being he has parted with the possession, and intrusted it to the lessee and the latter, having become the custodian and possessor of the land, comes under an implied obligation not to commit waste upon it, and not to permit others to do so. But the rule and its reason are alike inapplicable where not an estate but a mere incorporeal hereditament is transferred.

Submitting the case on the whole record, and on the authorities cited and quoted from, we submit that the court erred in sustaining the demurrer of appellee, plaintiff in the court below, and that the case should be reversed, because of the error committed by the trial court.

*O. S. Cantwell,* for appellee.

The record in this case shows that the consideration or the compromise and settlement was based upon the trespass of the defendant in cutting certain trees upon sixteenth section land leased by the plaintiff, and that the board of supervisors had not sold the timber. Appellant contends that since the timber had not been sold by the board of supervisors and that there was enough esto-

vers left after the trespass was committed, that the plaintiff had no vested right to the timber already cut and removed. We submit that if it be true, which we deny, that the plaintiff had no right in the timber if there was left sufficient estovers, that still his defense as set up in the special plea was insufficient in law for the reason that defendant by his act in compromising and settling the claim admitted that there was not sufficient estovers left after this timber was cut, this therefore could not have been a question for the jury.

Without going into a lengthy discussion of the many sixteenth section cases found in our reports we beg to call the court's special attention to the case of *Fernwood Lumber Company* v. *Rowley et al.,* 71 So. 3, and the case there cited. In our judgment this case settles beyond question the rights plaintiff had in the timber cut and removed from the leased sixteenth section in question and shows beyond doubt that there could be no room to question the basis of settlement had by these parties from the trespass admitted by the pleadings to have been committed. It will be noted in the case, just cited, that the lumber company only held a deed to the timber from the lessee of the sixteenth section and had never purchased the timber from the board of supervisors, which in practical effect is the same situation as the appellee, while Bourn and Williamson's predecessor in title had purchased the timber from the board of supervisors, which is more than is claimed for the appellant in the case at bar. The court held in this case that Bourn and Williamson was liable to the lumber company in damages for the value of the timber cut and removed by them.

So we think in this case that as the parties agreed in the compromise and settlement that the value of the timber cut and removed was the amount as stated by the check given by this defendant to the plaintiff's attorney and endorsed by him to the plaintiff, the court below was correct in sustaining the demurrer to the special

plea of the defendant, and upon the refusal of the defendant to plead further, awarding judgment for the plaintiff, and that therefore the judgment of the lower court should be affirmed.

Cook, P. J., delivered the opinion of the court.

This case was first instituted in the justice's court, the same being a suit to recover on a check for sixty-five dollars, executed by I. S. Lewis on March 10, 1916, and payable to W. B. Burns, or order, and indorsed as follows:

"Pay to the order of Joseph Myer without recourse. W. B. Burns."

The suit was dismissed in the justice's court, and Joseph Myer appealed to the circuit court, where the following plea in this cause was filed:

"Comes the defendant in the above and foregoing cause, and for plea in this behalf says that the defendant in this cause did give his certain check as alleged in the declaration and for the amount as therein stated, as a compromise and settlement of a certain claim taken up with him by the attorney for the plaintiff in this cause, and the defendant also admits that he requested the bank upon which this check was drawn not to pay the same, but defendant further says in this, his plea to the declaration filed, that the plaintiff in this cause ought not to have and recover the amount sued for, because the defendant had the right under the law, not to pay said check, and the right to give instructions to the bank not to honor the same; that the check was given, and the consideration for the same was that defendant had cut certain timber on sixteenth section land of section 16, township 4, range 6 east, in Smith county, Miss., which said lands were owned, or the leasehold interest therein was owned and claimed, by said plaintiff for the unexpired term of the lease thereon at the time this check was given, and that the check

given therefor was supported by an illegal consideration in this, to wit, that the plaintiff had no such right to the timber on said land as to entitle the said plaintiff to recover therefor, for any trespass or otherwise but the only party who could recover for said timber was the county of Smith, plaintiff not having bought the timber from the board of supervisors, and there being plenty of timber left for estovers, in which the title to said timber vested, and who was the only party entitled to recover therefor, and this the defendant is ready to verify.''

A demurrer was filed to this plea, setting forth that the special plea is insufficient in law; that said plea presented no defense to the cause of action herein. The court sustained the demurrer, and the defendant in the court below, appellant here, declined to plead further, and judgment was rendered in favor of the plaintiff, Joseph Myer, for the sum of sixty-five dollars, with interest, making a total of sixty-seven dollars and forty-four cents, and it is from this judgment of the court that the case is appealed to the supreme court.

The appellant rests his case upon the averment of the plea wherein the defense set out is that the compromise settlement was void because it appears that after the timber was cut from the land there remained on the land a plenty of timber for estovers.

It is argued that the lessee of the sixteenth section did not have the right to cut the merchantable timber standing on the land except when the timber was to be used for estovers, and therefore he had no cause of action. We do not think that this is an open question in this state. In the recent case of *Fernwood Lumber Co.* v. *Rowley,* 110 Miss. 821, 71 So. 3, this court expressly decided that the owner of the lease to a sixteenth section had such an interest in the timber growing on the land as would entitle him to recover damages for the wrongful removal of the timber by a third person. It was also decided in

that case that the board of supervisors did not have the power to convey the timber to any one save the lessee or his assignees.

Referring to a situation similar in principle to the present case, this court, in *Baggett* v. *McCromack*, 73 Miss. 552, 19 So. 89, 55 Am. St. Rep. 554, said:

"The appellee, as borrower of the horse, had possession of and a special or transient property, for the time, in the animal, and was entitled to bring his action against a wrongdoer by whose negligence the animal was lost or destroyed. He had no legal interest in the animal as against his bailor, but he had a real interest, nevertheless, in the custody and care of the property, because he was liable to the lender for it, and his possession of and special interest in the horse gave him an action against a wrongdoer. Either the lender or the borrower may bring suit in cases of this character, but a recovery by one of them may be pleaded in bar of any suit by the other for a like recovery; the bailee's suit for the naked value only of the property, and a recovery therein, being in trust for the real owner. Schouler's Bailment, pp. 63, 64, 86; Story on Bailments, 94, 234; *Woodman* v. *Nottingham,* 49 N. H. 387, 6 Am. Rep. 526; 2 Am. & Eng. Enc. L. 61, note 2, and cases there cited.

"The other contentions appear to us to be without merit. Affirmed."

The declaration set out a cause of action, and the plea does not present any defense. On the contrary, the plea in legal contemplation confesses the right of plaintiff to recover.

*Affirmed.*

ETHRIDGE, J. (dissenting). I cannot concur in the decision of the majority in this case. The check upon which the suit was brought was given to W. B. Burns as a compromise for the cutting of timber standing on sixteenth section lands, of which the payee was lessee. This check

was indorsed to Myer, without recourse. The plea alleges that the defendant, Lewis, had cut certain timber on sixteenth section lands on which the county was the owner of the timber, and the title to the timber was vested in the county, and the county was the only party entitled to recover therefor, and that there was sufficient timber left for the use of the plantation or for estovers. The majority opinion undertakes to justify the decision upon the theory that Burns was lessee, and that he had the right to recover the full damage under the authority of *Baggett* v. *McCormack,* 73 Miss. 552, 19 So. 89, 55 Am. St. Rep. 554. In that case the court held that a borrower of a horse had a right to recover for the conversion of the horse by a wrongdoer by whose negligence the animal was lost or destroyed. The court used this language:

"Either the lender or borrower may bring suit in cases of this character, but a recovery by one of them may be pleaded in bar of any suit by the other for a like recovery; the bailee's suit for the naked value only of the property, and a recovery therein, being in trust for the real owner."

The doctrine of that case is that the borrower was a trustee for the owner, and that, as trustee, he had a right to institute suit for the owner and recover for the benefit of the owner. That does not authorize the trustee to compromise the beneficiary's rights without the consent or knowledge of the beneficiary. The trustee in that case had power to bring suit and recover the full value, not for himself, but for the owner. In this case Burns not only compromised the county's right without the consent of the county, and thus deprived the school children of the township of their rights, without the consent of their representative, but he assigns the check accepted in settlement without recourse on him, thus showing on the face of the check circumstances of suspicion. There is no allegation or proof of any knowledge on the part of the county to this assignment, nor is there any proof or any allegation that the suit was instituted for the benefit of

the county. There is a distinction, in my judg-ment, between the right of a bailor intrusted with the possession and control of property and the right of a lessee or tenant to bring an action for the recovery of timber taken from the premises to which he had no right, and the title to which was in another party. In my opinion, this court has committed itself to doctrines contrary to the majority opinion in former decisions of the court. In *Warren County* v. *Gans,* 80 Miss. 76, 31 So. 539, this court held that where timber was wrongfully cut from sixteenth section, the county's right thereto immediately vested, and the county could maintain replevin against the lessee for the timber. Under this decision the lessee could not cut timber other than for proper plantation uses, and if he could not cut for sale, then manifestly he could not recover from another person for the cutting of such timber. The statute (section 2931, Code of 1906; Hemingway's Code, section 5266) provides:

"Damages for Trespass.—If any person go or be upon any public land, and cut, fell, or otherwise injure any tree thereon, or commit any other trespass on such land, the damages for any such trespass shall not be assessed at less than the sum of two dollars . . . for each acre in every forty-acre subdivision of land upon which any trespass was committed by the defendant, besides the statutory damages prescribed for trespass committed as to any tree or timber thereon; and all such damages may be recovered in one and the same action, and the commissioner may institute suits for the recovery of any timber taken contrary to law; but this shall not apply to a person renting public land and having the license of the land commissioner to take trees or timber from contiguous woodland for fuel and the like.

See, also, section 2930, Code of 1906 (Hemingway's Code, section 5265); section 4700, Code of 1906 (Hemingway's Code, section 7510).

Under this section the authorized represenatives of the public could not compromise a trespass of the kind

here without complying with the statute. It is manifest, if the true representative of the public could not compromise, that the lessee, as mere agent of the lessor, could not compromise and defeat the right of the land commissioner or other public authority to recover statutory damages prescribed under the statute on trespass. In *Moss Point Lumber Co.* v. *Harrison County,* 89 Miss. 448, 42 So. 290 and 873, this court held that a lease for ninety-nine years does not confer any rights in fee, and is governed by the law governing estates for years, and that, if any person being a tenant commits waste on such sixteenth section by cutting timber for commercial purposes, the state could recover from the tenant; that the extent of the tenant's right was to cut timber for the needs of his family and to clearing such land as a prudent owner would clear for agricultural purposes, leaving necessary timber for permanent use of the inheritance. There is nothing in the pleadings of the present case to show or intimate that the lessee expected even to clear the land for agricultural purposes, to say nothing of any actual clearing for that purpose. In this Moss Point Lumber Co. Case the court further held that a lessee of sixteenth section school land, in the absence of stipulations in the lease to the contrary, has leased the land only for agricultural purposes. In the case of *Jefferson Davis County* v. *James Simrall Lumber Co.*, 94 Miss. 530, 49 So. 611, it was held that cutting timber for commercial purposes from sixteenth section school lands is waste, notwithstanding a claim that it was cut for agricultural purposes, and that the jury were to be the judges of the good faith of the lessee in clearing sixteenth section school lands for cultivation. *Caston* v. *Pine Lumber Co.*, 110 Miss. 165, 69 So. 668, is cited for a justification of the majority holding in the present case and the case of *Lumber Co.* v. *Rowley*, 71 So. 3, which case is now relied on to justify this decision. In the Caston Case it was said that the right of a lessee to use timber is limited, but that a conveyance of the lessee's right was valid, and

would give the buyer the same right that the lessee had, but it was expressly recognized in that case that the lessee was not the owner of the timber growing on the sixteenth section. See, also, *State* v. *Fitzgerald,* 76 Miss. 502, 24 So. 872, holding that the land commissioner could maintain replevin for cross-ties cut on sixteenth section land.

These authorities, as well as statutes making it a crime to cut and remove timber from sixteenth section land, established conclusively, to my mind, the right of the owner of the fee to recover the value of the timber cut and taken from the premises. If the principles announced in the present decision are sound, then nonresident landowners and the public (not only including sixteenth section land, but all-other public lands) will have to take some means of beating the lessee to the court in case of trespass, or they will be defrauded out of rights that they have in the matter. Landlords hereafter should be careful to see that their lease contract reads so as to extend only to cleared land; otherwise they will find that when they lease a plantation as such that the tenant will have the right to permit persons to cut timber or to sell the timber and pocket the proceeds. The history of litigation in this state shows that, so far as sixteenth section land is concerned, the lessees have frequently been employees of timber speculators and sawmill companies, and that they have frequently sold the timber to such sawmill companies or timber buyers, and all (under this decision) that it would be necessary to do to square the deal and enable the parties to the wrongful transaction to divide the "swag" is for the buyer of the timber to go upon the land and cut it, and then enter into a compromise with the lessee and thus be relieved of all liability to the state or to the authorities representing the state, because, under this opinion, the timber cutter, no matter whether he is a willful trespasser or not, can compromise with the lessee (who is frequently a hireling) for a nominal sum, and bind the public forever thereby. It

does not appear in the present case how much timber had been cut by Lewis, nor what the reasonable value of it was, nor what the statutory damages would be, but an unnamed amount of timber has been taken and compromised by a check for sixty-five dollars. I have been unable to find any authority that holds that a tenant in his own right can recover for property which does not in any sense belong to him, and the substance of the plea in this case is that all the timber to which the tenant had any right remained upon the land in question, and that the title to the timber cut and taken was vested in the public in trust for the school fund. Instead of the children of the township getting the benefit of this timber for the purposes of education, to which they were clearly entitled under the law, the lessee and his assignee reap the fruits thereof and secure the approval of the highest court of the state.

It would be interesting if time permitted to go into the history of the criminal neglect and waste of this princely patrimony, generously donated to the school children forever by the state of Georgia in ceding this territory to the United States. To begin with, parties charged with leasing the estates represented by these sixteenth section lands have leased them for long periods of time at a mere nominal sum, and the lessee securing this lease as a shadow of title or claim to protect him has entered into relations with timber grabbers and speculators calculated to make the judicious grieve and the righteous mourn, but have often been able to secure legal approval. Many of these sections are so situated as to be of but small or nominal value for agricultural purposes without large expenditures in draining and tiling, and are chiefly valuable for the timber; and the timber, through the manipulations of these vampires of infancy, these child robbers, has been taken for a mere nominal sum, diverted from its proper use, and the sections converted into a worthless waste fit only for the habitation of Peter Rabbit, Molly Hare, and the Goat family.

I think the cause should be reversed and remanded to the lower court, with directions to have the board of supervisors or some other public authority brought into court to represent the rights of the public in this transaction.