EDWARD HINES YELLOW PINE TRUSTEES *v.* STATE EX REL.
MOORE, LAND COM'R.

[98 So. 445.   No. 23712.]

(Supreme Court of Mississippi, Division A.   Jan. 7, 1924.   Suggestion
of error overruled.)

PUBLIC LANDS.   *Land commissioner cannot sue for state on account
of cutting timber on sixteenth section lands.*

There is no authority in the land commissioner, under section 2903, Code of 1906 (section 5238, Hemingway's Code), section 2915, Code of 1906 (section 5250, Hemingway's Code), to sue on behalf of the state for damages claimed to have been suffered by the state on account of the defendant having unlawfully cut and removed or destroyed timber belonging to the state on sixteenth section lands, nor is there authority elsewhere for such a suit by the land commissioner.

APPEAL from circuit court of Pearl River county. HON. J. Q. LANGSTON, Judge.

Action by the state of Mississippi, on the relation of R. D. Moore, Land Commissioner, against the Edward Hines Yellow Pine Trustees. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

See, also, 97 So. 552; 98 So. 158.

*Hathorn & Williams,* and *Parker & Shivers,* for appellee on suggestion of error.

The state of Mississippi, as trustee for the inhabitants of the township, and these inhabitants as beneficiaries of the trust, are the sole parties in interest in the suit, and the land commissioner as nominal plaintiff, simply sues for them in his representative capacity. The state of Mississippi, as trustee, and the inhabitants of the township, as beneficiaries, who are the real parties in interest, are before the court and will receive the benefits or fruits of the judgment in the case.

A substantial cause of action is made by the declaration for the state, as trustee, to the use of the inhabitants of the township, to recover large statutory penalties as fixed by chapter 143 of the Mississippi Code of 1906 (chapter 67 of Hemingway's Code). The trial of the case resulted in the awarding of a judgment for a large sum of money in behalf of the real parties in interest upon this statutory cause of action.

The effect of reversing and dismissing the case is to shut off and forever conclude the real parties in interest from recovering on their statutory cause of action created by chapter 143 of the Mississippi Code of 1906 (chapter 67 of Hemingway's Code), because the. Code chapter creating the right also creates the remedy, which must be availed of, even by the state, within twelve months after the time the trespass was committed, and that the right and the remedy will be lost to the state and the beneficiaries of the trust if the case is to stand reversed and dismissed.

The right of the land commissioner to maintain the suit for the state, is a question which should have been raised by proper pleading before the trial court, and not having been there raised and pressed it cannot be raised or taken advantage of on the appeal. 31 Cyc. (XIV E, 3) 737; *Mobile Branch Bank* v. *Rhew,* 37 Miss. 110; *Hemphill* v. *Bank of Alabama,* 6 S. and M. 44; *Lanier* v. *Trigg,* 6 S. and M. 641. See, also, *Perkins* v. *Stimmel,* 114 N. Y. 359, 11 A. S. R. 659; *Myer* v. *Barth,* 97 Wis. 352, 65 A. S. R. 124; 31 Cyc. 737.

The defect, if it be a defect, of want of capacity, representative or otherwise, to maintain a suit, is a defect which, when not raised or availed of in the trial court cannot be considered in the appellate court. 3 C. J. (par. 664, sub. 8) 761; *L. & N. R. Co.* v. *Touart,* 11 So. (Ala.) 756; *Robinson* v. *German Ins. Co.,* 51 Ark. 441, 11 S. W. 686, 4 L. R. A. 251; *Beason* v. *Coleman,* 46 So. (Miss.) 49; *Fly* v. *King,* 71 Miss. 537; *Nat'l Surety Co.* v. *Board of Supr's,* 120 Miss. 728; *Choctaw, O. & G. R. Company* v. *Jackson,* 192 Fed. (C. C. A.) 792; *Board of Highway Commissioners* v. *City of Bloomington,* 253 Ill. 164, 97 N. E. 280, Ann. Cases, 1913-A, 471; *Fortier* v. *N. O. Nat. Bank,* 112 U. S. 439, 451, 18 L. Ed. 764; *Cox* v. *Commissioners of Highways,* 194 Ill. 355, 62 N. E. 791; *Woods* v. *Dean,* 165 Mass. 559, 43 N. E. 510; *Compress Company* v. *Railroad Company,* 70 So. (Miss.) 703.

The case at bar falls within the provisions of section 722 of the Mississippi Code of 1906 (section 505 of Hemingway's Code), and calls for the exercise by the defendant of a formal objection in the manner required by this statute in cases of nonjoinder or misjoinder of plaintiff. It is the policy of the law, expressly so made by statute, to allow amendments liberally so as to bring before the court the merits of the case, by making such amendments as to parties, or the form of the action, as will bring the merits of the controversy between the parties fairly to trial. See section 775, Mississippi Code of 1906. It is perfectly obvious, in view of these two statutes, that if the objection had been made in the court below the same could have been met by adding to the declaration or substituting therein the proper nominal plaintiff. In fact this is the proper practice. *Jones* v. *Clemmer,* 54 So. (Miss.) 5; *McCue* v. *Massey,* 43 So. (Miss.) 2; *Kelly* v. *Casualty Co.,* 40 So. (Miss.) 1.

We respectfully submit, therefore, that even if this court could reverse the case upon this point, raised for the first time on appeal, it is improper to reverse and dismiss, but the court ought to reverse and remand with leave to amend by substituting for the land commissioner the proper party as nominal plaintiff.

*T. J. Wills, Davis, Wallace & Yeager,* and *H. C. Holden,* for appellants on suggestion of error.

The right, power, authority and capacity of the land commissioner to bring this suit was openly and pointedly questioned and objected to by demurrer in the trial court, and that court overruled the demurrer and held that the land commissioner did have authority and capacity to bring the suit. Not only was the authority of the land commissioner to bring the suit brought in question in the trial court, but the point was raised properly, namely, by demurrer. 31 Cyc. 293 to 297; 21 R. C. L. (Plead-

ing) pars. 87, 526; *Carmichael* v. *Trustees of School Lands,* 3 H. (Miss.) 84.

The following Mississippi cases hold that non-joinder of necessary or proper parties may be raised by a demurrer. *Rodd* v. *Dirbridge,* 53 Miss. 694; *Champlin* v. *McLeod,* 53 Miss. 484; *Stiles* v. *Inman,* 55 Miss. 469; *Harding* v. *Cobb,* 47 Miss. 599; *Cook* v. *Ligon,* 54 Miss. 652; *Hopson* v. *Harrell,* 56 Miss. 202; *Halsey* v. *Norton,* 45 Miss. 703, 7 Am. Rep. 745.

The right of the revenue agent to sue may be tested by demurrer. The right of the land commissioner to sue may certainly be tested in the same manner. *State Revenue Agent* v. *Hill, et al.,* 70 Miss. 106, 11 So. 789; *McBride, et al.* v. *State Revenue Agent, et al.,* 70 Miss. 716, 12 So. 699; *Adams, Revenue Agent,* v. *Fragiacomo,* 70 Miss. 799, 14 So. 21; *Adams* v. *Railroad,* 78 Miss. 887, 30 So. 58; *Adams* v. *Miller,* 81 Miss. 613, 33 So. 489; *Adams* v. *Williams,* 97 Miss. 113, 52 So. 865; *Dukate* v. *Adams,* 101 Miss. 433, 58 So. 475; *Pearman* v. *Robertson,* 119 Miss. 384, 80 So. 876; *Robertson* v. *Monroe County,* 118 Miss. 520, 79 So. 184; *Robertson* v. *Thomas,* 118 Miss. 423, 79 So. 289; *Jefferson Davis County* v. *Lumber Company,* 94 Miss. 530, 49 So. 611.

It is true that in *State* v. *Fitzgerald,* 76 Miss. 502, 24 So. 872, this court indicated, through Justice WOODS, that a plea in abatement might properly raise the question of the authority of the land commissioner to sue in replevin for timber cut from sixteenth section land, but the opinion of the court was not on this point.

The right of the real parties, if such there be, is not affected by this court's action, and the suit may still be brought by those entitled to bring it.

Argued orally by *T. J. Wills,* for appellant, and *F. C. Hathorn,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, the state of Mississippi, on relation of R. D. Moore, land commissioner, sued appellant, Edward Hines Yellow Pine Trustees, in the circuit court of Pearl River county for the statutory penalty and for actual damages alleged to have been suffered by appellee by reason of appellant having cut and removed or destroyed trees on a sixteenth section not covered by its deed to the timber thereon, and recovered a judgment for which appellant prosecuted this appeal.

Appellant assigns and argues several alleged errors in the judgment appealed from, one of which is that the land commissioner was without authority to bring this suit. This question lies at the threshold of the case, and, if decided against the right of the land commissioner to sue, it becomes unnecessary to pass upon any other question presented.

The authority of the land commissioner to bring this suit must be found in the statute. The trend of the mind of this court, as shown by *Jefferson Davis County* v. *Lumber Co.,* 94 Miss. 530, 49 So. 611, and *State* v. *Fitzgerald,* 76 Miss. 502, 24 So. 872, has been against the right of the land commissioner to maintain this character of suit. The first case mentioned was a suit by the board of supervisors of Jefferson Davis county to recover damages for waste committed by the defendant in cutting timber on sixteenth section land. It was contended on behalf of defendant that the title to the sixteenth section lands was in the state, and the state alone had the right to sue for waste. The court held that the title was in the state, but, with reference to the authority of the board of supervisors to sue for waste thereon, said, among other things:

"Chapter 120 of the Code of 1906, and particularly section 4701 thereof, confers upon the several counties, through their respective boards of supervisors, under the general supervision of the land commissioner, jurisdiction and control of sixteenth section land, to be exer-

cised, of course, within the terms of the original trust, and imposes upon them the duty of collecting all funds arising from such lands. This grant of jurisdiction and control, coupled with the duty to collect funds, necessarily carries with it all powers necessary to carry out the purpose of the grant, one of which necessarily is the power to institute suit for collection of such funds. To do this was clearly within the power of the state. This, in fact, was not a delegation of power within the rule of *delegatus non potest delegare.* A county is a political subdivision of the state, created for the purpose of acting for the state in local matters, whose powers are exercised by a board of supervisors. The state, in thus dealing with sixteenth section land, acts through one of its own, and most appropriate, governmental agencies. For such purposes, and within the power conferred upon it, the county is the state.''

The second case was a replevin suit by the state, on the relation of the land commissioner, for cross-ties unlawfully cut by the defendant on sixteenth section land. The defendant contended that the land commissioner had no' right to sue. In that case the sixteenth section involved had been leased, and accordingly the leasehold put upon the tax rolls and was subject to taxes as any other land. The leasehold had been forfeited for taxes and had been bought by the state, and the state was the owner of said leasehold at the time of the trespass. The court in its opinion clearly intimates that, if it had been simply sixteenth section land unleased, the land commissioner would have had no right to sue. The court said in part:

''While the commissioner has charge of the sixteenth section lands as such for supervisory purposes only, it ·is clear that after such lands had been sold or leased to citizens and have become subject to taxation, if they are forfeited for nonpayment of taxes to the state, after the time allowed by law for redemption shall have expired, it is the duty of the commissioner to protect them as any

other lands belonging to or under the control of the state.''

The court apparently had in mind that the mere supervisory powers given the land commissioner over sixteenth section lands did not confer authority on him to sue.

The statutes with reference to the management and control of sixteenth section lands are to be found in sections 4695 to 4716, inclusive, Code of 1906 (sections 7505 to 7527, inclusive, Hemingway's Code), and amendments thereto, and chapter 140, Laws of 1916 (Hemingway's Code, Sections 7528 to 7530, inclusive). The powers and duties conferred by these statutes on the board of supervisors are specific and comprehensive. They are authorized to bring all necessary suits to establish and confirm the title to said lands, and to fix the beginning and expiration of leases thereto, and to lease said lands, and to sell the timber thereon, under the terms and conditions provided in said statutes. In short they are given full jurisdiction and control of the sixteenth section lands and the collection and appropriation under the law of funds arising therefrom.

Appellee contends that the land commissioner is given authority to bring this suit by section 2903, Code of 1906 (section 5238, Hemingway's Code), which authorizes him to prosecute suits in the name of the state—''concerning the public lands, through the attorney-general, a district attorney, or some attorney at law employed by him for that purpose, with the consent of the Governor.''

It is argued that the sixteenth section lands are public lands in the sense of that statute. If there were no other statutes with reference to the authority to sue that contention might be well founded. But in the same chapter, being chapter headed ''Land Office,'' in which said statute is found, there is section 2915, Code of 1906 (section 5250, Hemingway's Code), which, as it appears to the court so far as the right of the land commissioner to sue

is concerned, takes the sixteenth section lands out of the category of public land. That section is in this language:

"The land commissioner has only a supervisory power over the Choctaw school or sixteenth section lands; and he shall supply to the boards of supervisors and other interested persons information concerning those lands, and make such recommendations and suggestions as he may deem proper."

It will be observed that in its first clause that section provides that the land commissioner has only supervisory power over the Choctaw school and sixteenth section lands. And in the last clause what was meant by supervisory power is defined as the duty on the part of the land commissioner to supply the boards of supervisors and other persons interested, information concerning said lands, "and make such recommendations and suggestions as he may deem proper." Section 4701, Code of 1906 (section 7511, Hemingway's Code), giving the board of supervisors jurisdiction and control of the sixteenth section lands uses the language: "Under the general supervision of the land commissioner."

We are of opinion that the section before the last referred to which defines what was meant by supervisory power in the land commissioner applies to the clause above quoted from the latter statute. We are not concerned in this case with suits of this character brought by the attorney general or the state revenue agent on behalf of the state. The question here simply is whether there is any statute conferring the power to bring this character of suit on the land commissioner. We hold that there is not; that his general power to prosecute suits in the name of the state concerning the public lands has no reference to the sixteenth section lands. The latter are separately dealt with by the legislature, and there seems a clear unmistakable purpose from the statutes on the subject that it was the purpose of the legislature as between the land commissioner and the boards of super-

visors to give the latter jurisdiction and control of the sixteenth section lands, with the right to bring all necessary suits with reference thereto, and to exclude the land commissioner from any jurisdiction or control over said lands, except for the purpose of supplying the boards of supervisors and others interested with information concerning the same, and making such recommendations and suggestions with reference thereto as he may deem proper.

*Reversed and dismissed.*