CRAWFORD *v.* STATE.

No. 39531 February 21, 1955 77 So. 2d 923

*D. M. Russell, Jr.,* Bay St. Louis; *G. B. Keaton,* Picayune, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was indicted on a charge of assault and battery with intent to kill and murder. He was tried and the jury convicted him of a simple assault and battery. Upon this conviction he was sentenced to pay a fine of $500.00 and costs and appeals.

The indictment was returned at the March 1953 term and the case was twice continued because of the absence of a defense witness who resides in Louisiana and who suffered a cerebral hemorrhage. On the day of the trial he filed another motion for continuance. He claims that this motion was never passed upon by the court and that the court simply ignored his motion without entering any order thereon, and that he was thereby greatly prejudiced and denied the right to raise the point on appeal. In the judgment of conviction entered on the same date, page 45 of the record, it is recited that the motion for a continuance is overruled. There was no showing that the absent witness was or

ever would be within the jurisdiction of the court nor that he would ever be physically able to attend court. We think the motion was properly overruled. Ellis v. State, 198 Miss. 804, 23 So. 2d 688.

It is also contended that the verdict is contrary to the law and the evidence and that appellant was entitled to a peremptory instruction. These contentions necessitate a brief review of the evidence. The facts which the jury was warranted in believing and which are abundantly supported by the evidence are as follows: Joe E. Harris, the prosecuting witness, resides in Meridian, Mississippi, and was employed as a truck driver operating a large transport truck between Meridian and New Orleans, Louisiana. Appellant is town marshal or chief of police of Pearl River, Louisiana, a small municipality situated near the Mississippi line. Harris left New Orleans driving a loaded truck-trailer unit en route to Meridian. He passed through the town of Pearl River. Appellant followed him a few miles into Mississippi and stopped him, opened the door of the cab and struck Harris five or six blows with a blackjack or policeman's club, inflicting upon him severe head injuries which required ten days hospitalization and absence from work for about a month. According to the State's proof the attack was unprovoked, and appellant's version was corroborated in numerous respects. We think the question of guilt or innocence was for the jury and that appellant was not entitled to a peremptory instruction. We also think that the verdict was sufficiently supported by the credible evidence.

Complaint is made at the action of the court in overruling a motion for a mistrial because of a remark made by the district attorney during the course of the trial. It arose in this manner: A witness had been subpoenaed by both sides and had talked to both sides. The State did not use him and the defendant did. While this witness was testifying, defense counsel elicited from

him the fact that the district attorney had talked to him and that he had then made the same statement that he was making on the witness stand. The district attorney then stated: "Now, we'll object to that if the court please. I've had this witness in case after case in this district and he knows why he is not on here for the State." Thereupon counsel for the defendant moved for a mistrial and the court overruled the motion and instructed the jury to disregard the statement. In Pitts v. State, 211 Miss. 268, 292, 51 So. 2d 448, we quoted with approval from Bufkin v. State, 134 Miss. 116, 98 So. 445, 457, as follows: "If the judge promptly instructs the jury to disregard such comment we will assume that the jury obeyed the judge's instruction and did not regard it, unless it affirmatively appears from the record to the contrary, or unless the statement is of such extreme prejudicial nature as to convince the court that it probably affected the result." We feel that the statement, while improper, was not of such nature as to prejudice the appellant's defense, and that the sting, if any, was removed when the trial judge instructed the jury to disregard it.

Complaint is next made that the trial court erred in refusing three instructions on self defense which were requested by appellant. Each of the three instructions was subject to criticism, but, even if they were correct, there was no error in refusing them for the reason that both the State and the appellant obtained instructions embodying the same principle. Price v. State, 207 Miss. 111, 41 So. 2d 37.

Error is also assigned and argued concerning the admission in evidence of three photographs of Harris, made in the hospital at Meridian the next morning after the attack, showing some of the signs on his head and body as well as the blood on his handkerchief and on the clothes he was wearing at the time of the attack. The complaint is divided into two parts. The first is that

the photographs were not properly identified, and it seems to be the contention of appellant that the State should have offered the photographer who made the pictures. Harris testified that the photographs were correct and accurate representations of what was shown in them. We think this was sufficient to make the pictures admissible. In 20 Am. Jur. pages 611-612, Evidence Section 732, it is said: ''A photograph of a person or of some part of the body which is shown to be a proper representation of its subject is admissible to prove his appearance or condition at the time of the injuries, or to prove the condition of, the extent of the injuries to, etc., the part of the body photographed, as the case may be, provided the photograph is not of such character as to prejudice the adverse party in the eyes of the jury.''

 █ It is secondly contended that the trial court erred in admitting these photographs in rebuttal. On the State's case in chief Harris testified at length as to the various wounds which were inflicted upon him by the appellant. Appellant testified that he inflicted no wounds upon Harris and denied that he struck him with the blackjack. He said that Harris struck him with his fist and that he retaliated by likewise striking Harris one blow, and one only, with his fist. We think the photographs should probably have been offered by the State upon the presentation of its case in chief, but that there was no error in admitting them in rebuttal. In St. Louis-San Francisco R. R. Co. v. Dyson, 207 Miss. 639, 655-656, 43 So. 2d 95, we said that ''trial courts are vested with wide discretion in the admission of rebuttal evidence and their actions will not be held erroneous to the extent of requiring a reversal unless the discretion was exercised to the prejudice of the opposite party. Indeed this Court has held that where the question is doubtful as to whether the proffered rebuttal testimony is proper the doubt should be resolved in

favor of its reception provided '(1) its reception will not consume so much additional time as to give undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as well prepared to meet it by surrebuttal as if testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to rely by surrebuttal.' Roney v. State, 167 Miss. 827, 150 So. 774, 776.''

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.