[No. 2,021.]

## J. M. BOHANNAN *v.* J. HAMMOND AND C. SCHUTT.

JURISDICTION OF STATE COURTS.—State Courts have concurrent jurisdiction of cases of action cognizable in admiralty where only a common law remedy is sought.

LIABILITY OF COMMON CARRIER.—A common carrier is not only responsible for negligence but is an insurer against any loss not occasioned by act of God, the public enemies, or the fault of the party suffering the loss.

IDEM—BURDEN OF PROOF.—When loss occurs, the burden of proof is upon the carrier to show that it resulted from one or the other of these excepted cases.

LIABILITY FOR DAMAGE TO CARGO OF VESSEL.—Where the cargo of a vessel is damaged in consequence of an accident which results from the falling of the tide, unless it appear that the vessel could not have been so moored as to prevent it being left aground, the owner of the vessel is liable for the damage.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The facts are stated in the opinion of the Court.

*Byers & Elliott*, for Appellants, argued that the Court had no jurisdiction of the subject matter of the action, and cited 2 Story on Const. Secs. 1663, 1665; 1 Kent's Com. 366, 367; *The People* v. *The Steamer America*, 34 Cal. 679. They also argued that the damage resulted from an inevitable accident, for which a carrier is not responsible. (2 Kent, 826; *Faulkner* v. *Wright*, 1 Rice, 107; *Neal* v. *Sanderson*, 2 Swedes & Marsh, 572; *Eveleigh* v. *Sylvester*, 2 Brevard, 178.)

*J. H. Budd*, for Respondent.

By the Court, TEMPLE, J.:

In this case there is no brief on file on the part of the respondent, although there is on file what purports to be a reply to respondent's brief. We are therefore compelled to investigate the case without the assistance of counsel, so far as respondent is concerned.

The complaint charges that defendant is a common carrier, and as such undertook to carry for plaintiff twenty-one tons of wheat from the City of Stockton to San Francisco; that the wheat was delivered to the defendant and received by him, but was, while in transitu, damaged through the fault of defendant. To recover this damage is the object of this suit. The answer admits that the defendant was a common carrier. The contract and the loss were proven substantially as alleged. This appeal is by the defendant from a judgment in favor of plaintiff, and from an order denying a new trial.

The defendant contends that the Court has no jurisdiction, because the action arises upon a maritime contract, and is cognizable in admiralty. This position is manifestly unten-

able.   The Judiciary Act, which defines the jurisdiction of
the District Courts of the United States, and confers upon
them admiralty jurisdiction, secures to suitors a common
law remedy, where the common law is competent to give it.
It has been repeatedly held that the State Courts have con-
current jurisdiction of causes of action cognizable in admi-
ralty where only a common law remedy is sought.

The vessel of the defendant, at the time of the loss, was
moored at the wharf at the City of Stockton, where ves-
sels usually lie while loading and unloading.   But a portion
of plaintiff's wheat had been taken on board, when the tide
receding left the vessel upon the mud in the slough.   There
happened to be under the vessel a piece of cord-wood which
was pressed down into the mud, but which, owing to the
weight of the vessel, punched a hole in the bottom of the
vessel, which caused it to fill with water, and hence the loss.

The Court finds, that the damage was occasioned by a
large piece of cord-wood, which had sunk to the bottom of
the place where the vessel lay; but whether it came to lie
there accidentally, or had been placed there by some person,
the Court was unable to determine.   The parties were both
ignorant of its being there, until after the damage had been
done; that at the time of the injury the defendant's vessel
was strong and in good condition and sufficient to have safely
carried the plaintiff's goods, but for the accident.

Under these circumstances there can be no doubt of the
liability of the defendant.   A common carrier is not only
responsible for negligence, but is an insurancer against any
loss not occasioned by act of God, the public enemies, or the
fault of the party suffering the loss.   When loss occurs the
burden of proof is upon the carrier, to show that it resulted
from one or the other of these excepted cases.

It is not necessary to decide whether defendant would
have been liable, had it appeared that the stick of wood
had sunk to its place without the interposition of the agency

of man.  The falling of the tide, leaving the vessel upon the bottom of the slough, must have been anticipated.  There was no sudden, unlooked-for physical event, against which no prudence could guard.  It does not appear that the vessel could not have been so moored that it would not have been left aground when the tide receded.  It may be claimed, with some degree of plausibility, that the defendant would be liable for want of proper care.

Judgment and order affirmed.