## W. P. BAGGETT ET AL. *v.* J. A. McCORMACK.

BAILMENT.    *Borrower's right of action.*

    A borrower of a chattel has a right of action for the value of the same against a wrongdoer, by whose negligence it was lost or destroyed, the recovery being in trust for the owner.

FROM the circuit court of Lincoln county.

HON. J. B. CHRISMAN, Judge.

This was an action brought by the appellee against the appellants for the value of a horse.    It was tried in the circuit court on appeal from the decision of a justice of the peace, the trial resulting in a judgment in favor of the plaintiff.    It was shown, by his own testimony, that he delivered the horse to defendants, the keepers of a livery stable, late one evening, and that, when he went for him the next morning, he was told that he was dead.    On cross-examination he testified that he did not own the horse, but had borrowed it, on the day he left it with the defendants, from one Lee, the owner, to ride to

Brookhaven, and would have returned it the next day had it been restored to him alive, and that he had paid the owner for it. The plaintiff's attorneys moved to exclude all of his testimony brought out on cross-examination, to the effect that the ownership of the horse was in Lee, and the motion was sustained over defendants' objection. The evidence tended to show that the death of the animal resulted from defendants' negligence. On the question of value it was conflicting. The suit was not brought for several weeks after the death of the horse. Judgment for plaintiff. Defendants appeal.

*R. H. Thompson*, for the appellants.

The court below erred in excluding, on plaintiff's motion, that portion of his testimony on cross-examination showing that he did not own the horse. He, as well as the defendants, was only a bailee of the animal, and, when the suit was brought several weeks afterwards, he had no interest in the subject-matter, for he had only borrowed the horse to ride to Brookhaven, and, by his contract with the lender, was to return it the next day. If the horse, the subject of the loan, died, ceased to exist, without fault on plaintiff's part, he was not liable to the owner, and, upon its death, *eo instanti* plaintiff's interest in it terminated. Defendants did not propose to show title in a stranger. The death of the horse terminated all titles, and each party previously interested could and should sue for his own damages. The fact that the plaintiff paid Lee makes no difference; he was under no obligation to do so, and he does not claim to have received an assignment of Lee's claim. If defendants were liable at all, it was to the owner, the person damaged, for the value of the horse, and not to the plaintiff, who had not sustained such damage. At most, plaintiff could recover but the value of the use of the horse for one day, and he did not sue for that. In *McFarland* v. *Smith*, Walker (Miss.), 172, it was held that a lender or bailor may sue in case for such damages as result to the reversion, and that the bor-

rower can recover his own losses. That the loss or destruction of the thing bailed, without fault on the part of the bailee, terminates the contract of bailment cannot be denied. Edwards on Bailments (2d ed.), § 409; Story on Bailments, §§ 418, 418*a*; *Watkins* v. *Roberts*, 26 Ind., 167.

*Chrisman & Brennan*, for the appellee.

There can be no doubt as to the plaintiff's right, as bailee of the horse, to recover his value of the defendants who are wrongdoers, by whose negligence the horse was killed. Edwards on Bailments (2d ed.), p. 38; *Jones* v. *Hicks*, 52 Miss., 685; Bigelow on Estop., p. 63. The owner, by accepting payment from plaintiff, abandoned his claim, and the appellee cannot set it up. *Bettlely* v. *Reed*, 3 G. & D., 561; 2 Am. & Eng. Enc. L., p. 62, note.

WOODS, J., delivered the opinion of the court.

The appellee, as borrower of the horse, had possession of and a special or transient property, for the time, in the animal, and was entitled to bring his action against a wrongdoer by whose negligence the animal was lost or destroyed. He had no legal interest in the animal as against his bailor, but he had a real interest, nevertheless, in the custody and care of the property, because he was liable to the lender for it, and his possession of and special interest in the horse gave him an action against a wrongdoer. Either the lender or the borrower may bring suit in cases of this character, but a recovery by one of them may be pleaded in bar of any suit by the other for a like recovery, the bailee's suit for the naked value only of the property, and a recovery therein, being in trust for the real owner. Schouler's Bailment, pp. 63, 64, 86; Story on Bailments, 94, 234; *Woodman* v. *Nottingham*, 49 N. H., 387; 2 Am. & Eng. Enc. L., 61, note 2 and cases there cited.

The other contentions appear to us to be without merit.

*Affirmed.*