ILLINOIS CENTRAL RAILROAD COMPANY *v.* PAUL SIMS.

**BAILMENTS.** *Injury to property by stranger. Contributory negligence of bailee.*

> The contributory negligence of the borrower of a work animal will defeat recovery by the owner for injuries sustained by it while employed in the service for which it was loaned.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Sims, the appellee, was the plaintiff in the court below; the railroad company was defendant there. Although the evidence tended to show contributory negligence on the part of the borrower who had possession of the mule in question at the time of the injury, the court below granted a peremptory instruction in favor of the plaintiff, who was the owner of the animal, presumably on the view that the borrower's negligence could not be imputed to the plaintiff.

*Mayes & Harris*, for the appellant.

In this case the driver of the mule was a mere gratuitous bailee. In such case there is such privity between the bailee and the bailor that a recovery by one in an action for trespass is a bar to an action by the other. *Baggett* v. *McCormick*, 73 Miss., 552; *Chesley* v. *Sinclair*, 1 N. H., 189; *Bissell* v. *Huntington*, 2 *Ib.*, 399; *Woodman* v. *Nottingham*, 49 *Ib.*, 142; *Harrington* v. *King*, 141 Mass., 269; *Johnson* v. *Holyoke*, 105 *Ib.*, 80; Schouler on Bailment, p. 65; 3 Am. & Eng. Enc. L. (2d ed.), 762.

Manifestly, under these authorities what would be a defense in a suit by one party would be a defense in a suit by the other. A judgment at the suit of either would be a bar to a suit by the other. Especially would this rule apply to a case like the one at bar of a mere gratuitous bailee who borrowed the animal of

another party and drove it negligently upon a railroad track, where it was injured. The defense of contributory negligence would be a valid defense against the bailee in a suit by him suing for the benefit of the bailor, and it would be equally a valid defense in a suit by the bailor suing in his own right.

*H. B. Greaves,* for the appellee.

The facts did not show a case of contributory negligence. Moreover, Dixon, the driver of the mule at the time of the injury, was neither the servant nor the agent of the appellee. *Alabama, etc., Railway Co.* v. *Davis,* 69 Miss., 444.

Woods, C. J., delivered the opinion of the court.

It appears that the appellee had loaned his mule to one Dixon, to be used by him, Dixon, in hauling sand, and that while so using the animal, for the purpose for which it was loaned, the injury was inflicted which resulted in its death.

The case is one of injury by a stranger to a bailor's property in the hands and care of a bailee, and the question to be determined is, if the bailee was guilty of contributory negligence in the act complained of, is his contributory negligence imputable to the bailor?

Acting within the scope of his employment, the negligence of the agent is imputed to his principal, that of the servant to his master, and that of a bailee for hire to the bailor.

Why the contributory negligence of a gratuitous bailee, while using the property for the very purpose for which it was loaned, should not be imputed to the bailor who intrusted it to the bailee to be thus used, we are unable to see. There is the same privity of contract, in all essential features, as in bailment for hire, and as in engagements between principal and agent, and between master and servant.

This view is re-enforced by the consideration of another question, viz.: Could a gratuitous bailee who was guilty of contributory negligence recover in his own name against a stranger

for an injury to property loaned? Clearly not, for the defense to his complaint would be upon the surface. But the bailor and the bailee must recover, if at all, on the same facts and under the same circumstances. We have held that the bailee may, in a proper case, recover in his own name, but of course for the benefit of his bailor; or that the bailor may himself sue in his own name. *Baggett* v. *McCormick,* 73 Miss., 552. Whatever entitles to a recovery, entitles either bailor or bailee to such recovery. *E converso,* whatever forbids a recovery to the bailee will also defeat the bailor's action.

The evidence offered by the appellant tended to show that Dixon, the bailee in charge of the mule, and using it in accordance with the terms of the bailment, was guilty of contributory negligence in the act of injury, and if this had been satisfactorily established, then this negligence must be imputed to Paul Sims, the bailor, and should defeat a recovery.

The evidence should have been submitted to the jury, that it might have passed upon the question of Dixon's contributory negligence, and because this was not done, the case will be

*Reversed and remanded for a new trial.*