THE CENTRAL RAILROAD OF NEW JERSEY, PLAINTIFF, DEFENDANT IN ERROR, v. BAYWAY REFINING COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued November 17, 1910—Decided March 6, 1911.

The plaintiff, a railroad company, had built a siding upon defendant's property to receive and deliver freight to and from the defendant's refinery. The parties had entered into a contract containing this clause: "The parties of the first part shall be liable for all loss or damage not caused by the negligence of the parties of the second part, which may occur to any car or cars on said siding or trestle while they are being placed thereon, or removed therefrom, and the parties of the second part shall be similarly liable for any cars placed thereon for purposes of their business, after such cars have been placed thereon, and until the parties of the first part are notified to remove the same after they have been loaded, or unloaded, as the case may be." The plaintiff placed two cars, the property of another railroad, on the siding to be unloaded by the defendant. Before the plaintiff had been notified to remove these cars a fire occurred on the premises of the defendant which injured the two cars. The fire was not caused by the negligence of either party. The plaintiff was using the two cars as bailee of another railroad. *Held*, that the defendant was liable in an action by the plaintiff for the injury to the cars.

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *George Holmes* and *William D. Edwards.*

The opinion of the court was delivered by

REED, J. This writ brings up a judgment in favor of the plaintiff for damages caused by a fire which occurred in certain buildings situated on the defendant's property. The case was tried without a jury upon a stipulation as to facts. The defendant is a corporation engaged in compounding and refining oils, and for the purpose of its business, owns and uses a parcel of real estate in the city of Elizabeth, upon which parcel several buildings are placed for its business.

The plaintiff, under an agreement with the defendant, had constructed and maintained a certain siding or trestle of railroad track upon property of the defendant, used for its refining purposes. On April 28th, 1906, the plaintiff placed two box cars, the property of the Pennsylvania Railroad Company, on said siding in said refinery, for the purpose of being unloaded by the defendant. On the night of said April 28th, before the plaintiff had been notified to remove said cars, a fire occurred in the buildings of the defendant on the refinery property by which fire the two cars were injured. Said injury was not caused by the negligence of either the plaintiff or the defendant. The liability of the defendant for the injury is rested upon the terms of a contract entered into by the parties in 1894, respecting the construction, maintenance and use of the said siding, and respecting the liabilities of the parties for any damage to any car while on the siding, or while being placed on or removed from the same.

The sixth clause of the contract is as follows: "The parties of the first part shall be liable for all loss or damage not caused by the negligence of the parties of the second part,

which may occur to any car or cars on said siding or trestle while they are being placed thereon or being removed therefrom, and the parties of the second part shall be similarly liable for any cars placed thereon for purposes of their business after such cars have been placed thereon, and until the parties of the first part are notified to remove the same, after they have been loaded or unloaded as the case may be."

By this clause it is apparent that the liability of the refinery is similar to the liability which would have rested upon the railroad company had the cars been injured while being placed upon or being removed from the siding. The liability of the railroad company would have been for all loss or damage to the cars not caused by the negligence of the refining company. Therefore, in the present situation the liability of the defendant is for all loss or damage not caused by the negligence of the plaintiff, the railroad company. Had this fire injured the cars after they were unloaded, and the railroad company had been notified to remove them, that company, so far as the defendant was concerned, would have been liable for the loss or damage to the cars; or, in other words, would have had to bear the loss. No action would have lain against the defendant.

In the present instance, the liability for the damage falling upon the refining company, that loss must be made good by it, and made good, seemingly, to the person upon whom the loss fell, namely, the general or special owner of the cars. If the contract be construed to mean that the loss is confined to that sustained by the railroad company—the party to the contract—the judgment in its favor is sustainable; for, although the cars in this instance were the property of another railroad company, yet they were in use by the plaintiff for the carrying purposes mentioned in the agreement.

The fact that the cars were in the possession of the plaintiff, being used in its business of a common carrier, in view of the well-known interchanging of cars between railroads, raised the presumption that the use of these cars by the plaintiff was contractual, and not tortious.

The facts set forth in the specifications were sufficient to justify the trial judge in finding that the plaintiff was the bailee of these cars. As bailee the plaintiff had special property in them. As such bailee it had a right to bring an action for and recover the entire amount of the injury to the property in its possession. Cases collected in volume 14 of American and English Annotated Cases, 635.

The recovery of the bailee is a full satisfaction and a bar to any action by the bailor. 5 *Cyc.* 207. Indeed, the judgment seems to be supported by the express undertaking of the defendant to be liable for all loss or damage which may occur to any car or cars on said siding in the present circumstances.

Nor is there any absence of consideration for the undertaking entered into by the defendant. The consideration exists in the mutual promises of the parties contained in the contract; nor do we discover any illegality in the parties providing by contract against any injury to the cars which was not the result of the negligence of a party.

We think the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 12.

*For reversal*—PARKER, VOORHEES, JJ. 2.