[Civ. No. 5014.   First Appellate District, Division Two.—March 7, 1925.]

## FRANK R. CLARK, Respondent, v. BURNS HAMMAM BATHS (a Corporation) et al., Appellants.

[1] BAILMENTS — PROPERTY DEPOSITED BY BATHHOUSE PATRON — DELIVERY TO IMPOSTOR—NEGLIGENCE.—In this action by a patron of a bathhouse against the owner thereof to recover the value of certain money and jewelry deposited in a box provided by defendant for that purpose, and which was delivered by an employee of defendant to some other person, the evidence showing that at the time of receiving the property said employee wrote the name of plaintiff, together with a list of the articles deposited in the box by him, upon a slip of paper which he attached to the outside of the box and then replaced the box in its proper compartment, and that said employee subsequently delivered the property to another person without the knowledge or consent of plaintiff and without taking any precaution to identify said person, justified the trial court in finding that defendant was guilty of gross negligence in making no inquiry as to the identity of said person and that defendant at the time had the means of identifying him.

[2] ID.—DEPOSITARY FOR HIRE—DEGREE OF CARE REQUIRED.—Plaintiff having paid a lump sum for the privilege of a bath and the use of a room and a lock-box for his valuables, defendant was a bailee for hire, and he was required to use at least ordinary care for the preservation of the property deposited.

[3] ID. — PROXIMATE CAUSE OF LOSS — CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—DELAY IN REPORTING LOSS.—The proximate cause of the loss of plaintiff's property having been the negligence of the defendant in not requiring identification of some kind before delivering said property to another person, it was immaterial whether or not plaintiff was guilty of contributory negligence in not going to the office immediately upon discovering the loss of his key, instead of waiting until he had dressed completely.

[4] ID. — COST OF ACCOMMODATIONS FURNISHED — CARE REQUIRED. — The fact that plaintiff did not pay a larger sum and secure a room with a door which could be locked, instead of a room which was merely separated from other rooms by curtains, did not render plaintiff guilty of negligence or lessen the degree of care defendant was required to exercise in handling plaintiff's property.

---

1.   Liability of keeper of bathhouse for loss of guest's valuables, note, 8 Ann. Cas. 91; 6 L. R. A. (N. S.) 828.

2.   See 3 R. C. L. 96; 4 Cal. Jur. 24.

[5] ID.—FAILURE TO TAKE SIMPLE PRECAUTION—ABSENCE OF LOSS
IN PAST—EVIDENCE.—In this case loss having been suffered, and a
simple method of precaution having been available to defendant
by which such loss might have been avoided, it was immaterial
that in innumerable other instances defendant failed to use this
same simple precaution and, nevertheless, escaped without loss, and
evidence offered by defendant to prove such fact was properly ex-
cluded.

[6] ID.—INSURANCE—SUBROGATION—LIABILITY FOR TORT.—The fact
that plaintiff had insurance upon one of the articles lost was of
no advantage to defendant, as such insurance was not for the
benefit of defendant and the latter was answerable for its own
tort.

(1) 6 C. J., p. 1162, n. 32.    (2) 6 C. J., p. 1121, n. 63.    (3) 6
C. J., p. 1125, n. 6.    (4) 6 C. J., p. 1125, n. 10.    (5) 6 C. J., p. 1162,
n. 22.    (6) 17 C. J., p. 929, n. 23.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Walter Perry Johnson,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert I. Loeb for Appellants.

Egan & Morris and Hugh F. Keon, Jr., for Respondent.

LANGDON, P. J.—This is an appeal by the defendant
Burns Hammam Baths from a judgment against it in the
sum of $889.50, the value of certain property entrusted by
the plaintiff to the care of said defendant which was never
returned to the plaintiff.

On July 23, 1921, the plaintiff was a patron of the bath-
house operated by the defendant and deposited money and
jewelry in a box provided by the defendant for that pur-
pose, which box was locked and the key, attached to a
rubber band, fastened about plaintiff's wrist. At the time
of receiving this property, an employee of defendant wrote
the name of the plaintiff, together with a list of the articles
deposited in the box by him, upon a slip of paper and
attached this slip of paper to the outside of the box in
some manner, and then replaced the box in its proper com-

partment.   The box and the key for the same were num-
bered 26.

After plaintiff had availed himself of the bathing facilities
of the establishment, he retired for the night to a room,
which was merely separated from other rooms by curtains.
In the morning, about 8:45 o'clock, he went to a washstand
provided for his use, and while there noticed that the key
to his box was not attached to his wrist.   He mentioned
this to a Chinese laborer cleaning up the place and was
told to go ''downstairs.''   The office was downstairs.   Plain-
tiff returned to his room and dressed, and called at the
office about fifteen minutes later, explaining that his key
had disappeared and he wished the contents of his box.
There he was told that the key had already been presented
by someone else and the contents of the box carried away
by such person.   This litigation resulted.   The trial court
found that the defendant was guilty of gross negligence in
making no inquiry as to the identity of the person present-
ing the key for access to box number 26, and that the defend-
ant at that time had the means of identifying said person.

[1]   The question presented is whether or not this find-
ing is supported by the record.   We think it is.   As we
have stated, the defendant had placed outside the box the
name of the person owning the property and the nature of
that property.   When the key was presented, it would have
been very simple and effective to have asked the person
presenting it for his name.   In this case, such a precaution,
probably, would have prevented the loss.   The clerk who
delivered the contents of the box stated that he did not
ask for the man's name, nor use any precaution to identify
him; that he had no recollection even of his appearance.

[2]   The defendant was a bailee for hire.   The plaintiff
had paid a lump sum for the privilege of a bath, and the
use of a room and a lock-box for his valuables.   A deposi-
tary for hire must use at least ordinary care for the preser-
vation of the thing deposited.   (Civ. Code, sec. 1852.)

We agree with the trial court that ordinary care required
the defendant to inquire as to the identity of the person
presenting the key, and the fact that the defendant had a
paper upon which was written the name of the owner of
the property fastened to the outside of the box placed the

defendant in a position where it could have exercised easily a precaution which doubtless would have prevented the loss.

[3] The appellant contends that the plaintiff was guilty of contributory negligence because he did not go to the office immediately upon discovering the loss of his key, but waited until he had dressed completely. The plaintiff testified that he discovered the loss of the key only about ·fifteen minutes before notifying the office. The clerk who delivered the property testified at the trial that he recalled delivering the same about fifteen or twenty minutes before .the plaintiff appeared and stated he had lost his key. There is a conflict in the evidence upon this question, however, for the record contains the statements of a police officer who investigated this matter on the morning of the loss to the effect that when he questioned the clerk as to the appearance of the man who had received the property and the time at which he had received it, the clerk stated that he did not recall anything about it; that he did not know at what time he had delivered the property, and thought the night clerk had probably delivered it before he left at 6 o'clock in the morning. But even though we accept the version most favorable to appellant, it appears that the proximate cause of the loss was the negligence of defendant in not requiring identification of some kind before delivering the property. If it had taken the simple precaution of asking the name of the man, it would have discovered the fraud and it would have been immaterial then whether the plaintiff reported the loss at 9 or 10 or 11 o'clock. It is only where contributory negligence is the proximate cause of an injury that it will bar recovery.

It cannot be sucessfully argued that the plaintiff was guilty of negligence barring his recovery because he lost his key, for it does not appear in the record that he lost it. It may have been removed from his arm while he slept, so far as the record discloses. [4] To meet this situation, the appellant urges that plaintiff was negligent in not paying a larger sum and securing a different type of sleeping quarters—a room with a door which could be locked. We think there is no merit in this contention. The defendant offered accommodations at different prices and it was its duty to exercise the same care in handling the property of

guests who had paid only $1.75 for their accommodations as in handling the property of guests who had paid $2.25.

[5] Complaint is made because the trial court excluded offered testimony to show the number of patrons of this establishment during the year preceding the loss, and the fact that none of them had suffered any loss under the system of handling property which was used in the plaintiff's case. We think the testimony entirely immaterial. In this case loss was suffered; a simple method of precaution was available to defendant by which it might have been avoided, and it is immaterial that in innumerable other instances the defendant failed to use this same simple precaution and, nevertheless, escaped without loss.

[6] The fact that the plaintiff had $150 insurance upon one of the articles lost is of no advantage to the defendant. The insurance was not for the benefit of the defendant. The plaintiff stated he had not collected this money from the insurance company, and the adjustment of the loss is a matter between him and the insurance carrier. Doubtless the insurance company would have had a right of subrogation to plaintiff's claim against the defendant had it paid this loss, but the defendant has no interest in any benefit under the policy. It is answering for its own tort and the adjustment between the plaintiff and the insurance company need not concern it.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.