The LeBlond Schacht Truck Co. *v.* Farm Bureau Mutual Automobile Ins. Co.

(Decided December 4, 1929.)

*Messrs. Britton & Britton* and *Mr. Harry Neal Smith,* for plaintiff in error.

*Messrs. Nichols, Speidel & Nichols,* for defendant in error.

Cushing, P. J.   The Farm Bureau Mutual Automobile Insurance Company, the insurer of the automobile of Ralph Bernard, brought an action in the court of common pleas of Clermont county, seeking to recover damages from the Le Blond Schacht Truck Company, as the result of a collision between a truck of the defendant and the automobile of Ralph Bernard.   The collision occurred on July 16, 1927, on the Wooster pike, near Goshen, Clermont county.

The automobile of Bernard was practically demolished, and he also sustained personal injuries. Prior to the date of the accident, Bernard had taken out a policy of insurance with the Farm Bureau Mutual Automobile Insurance Company, covering him against loss or damage to his automobile by or through collision. On or about August 1, 1927, the insurance company, under the terms of its policy, paid to Bernard the entire amount of damage to his automobile, and took from Bernard a bill of sale for the car.

March 15, 1928, Bernard filed an action in the court of common pleas of Clermont county against the Le Blond Schacht Truck Company to recover damages for personal injuries. That action was prosecuted to final judgment, which was satisfied.

On April 12, 1928, the Farm Bureau Mutual Automobile Insurance Company filed an action against the Le Blond Schacht Truck Company to recover for damages to Bernard's automobile. The petition set forth the issuing of the policy of insurance to Bernard, and the collision between Bernard's automobile and the truck of the defendant, and charged the defendant with negligence in permitting its truck to be driven on a highway in a careless and negligent manner.

The petition further set forth the fact that the insurance company had fully compensated the insured, by paying Bernard the sum of $880, and taking title to said damaged automobile.

The defendant answered, denying negligence, and pleaded *res judicata*.

A jury was waived, and the trial resulted in a judgment for the insurance company, and the Le

Blond Schacht Company prosecuted error, seeking to reverse the judgment.

The theory of the plaintiff in error is that there was but one cause of action, and, Bernard having brought his action for personal injuries, the insurance company was estopped from prosecuting an action for damages to the property.

It is admitted that the insurance company paid Bernard and satisfied him completely for the damages to his automobile on August 1, 1927, and took a bill of sale at that time for the machine. Therefore, when the insurance company paid Bernard, by virtue of its contract of insurance and the article of subrogation, it became the real party in interest. The cause of action for recovery of injuries sustained to him personally was in Bernard, and the cause of action to recover for damages to the automobile was in the insurance company.

The policy of insurance contains the following provision:

"*Subrogation.* If the Company shall claim that any loss or damage insured under this policy was caused by act or neglect of any person, firm or corporation, private or municipal, the Company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the Assured for the loss resulting therefrom, and such right shall be assigned to the Company by the Assured immediately on receiving such payment."

The action for personal injuries having been brought in March, 1928, Bernard did not have any right of action against the Le Blond Schacht Company for damages to his automobile at that time, as that had been fully paid and satisfied by the insur-

ance company on August 1, 1927. Therefore the right of action for damages to the automobile was in the insurance company.

On authority of *Underwriters at Lloyd's Ins. Co.* v. *Vicksburg Traction Co.,* 106 Miss., 244, 63 So., 455, 51 L. R. A. (N. S.), 319, *Cox* v. *Cincinnati Traction Co.,* 32 O. C. A., 487, 35 C. D., 824, and Section 11241, General Code, providing that the action must be brought in the name of the real party in interest, we find that the action by the insurance company was properly brought, and affirm the judgment of the court of common pleas of Clermont county.

*Judgment affirmed.*

HAMILTON, J., concurs.

Ross, J., dissenting. I reluctantly dissent from the opinion of my associates, for the following reasons:

The decided weight of modern authority in this country supports the view that damages resulting from a single tort, even though such damages be partly property damages and partly personal injury damages, are, when suffered by one person, the subject of only one suit as against the wrongdoer.

It is also a well-settled law of this state, and it seems to be universally elsewhere so considered, that a claimant will not be permitted to split a single claim or cause of action, which he may possess, and thereby put his opponent to the possible defense of two or more suits thereon.

Neither the doctrine of subrogation nor the operation of an assignment can be invoked to subject the wrongdoer, though such he be, to splitting of the

cause of action and the prosecuting of separate actions for each separate item of damage.

The case of *Lake Erie & Western Rd. Co.* v. *Falk,* 62 Ohio St., 297, 56 N. E., 1020, furnishes an illustration of how the rights of the insurance company may be fully protected by intervention in a suit in which the plaintiff seeks redress on all his claims for damages. The evident holding of this case is also to the effect that payment by the insurance company cannot be advanced by the defendant in minimizing its damages. The legal title to the cause of action remains in the plaintiff even after payment by an insurance company of a part of his damages, though the plaintiff may be a trustee for the insurance company, to the extent of its subrogation. It should be noted also that the subrogation clause in the policy involved in the case at bar used the words "right of recovery," as distinguished from "interest in a cause of action," or "right of action."

We are not concerned in this case with what the rights of the insurance company may be against the insured, but the question here submitted is whether or not the party causing the damage shall be subjected to more than one suit for a single tort.

The opinion in the case of *Sprague* v. *Adams,* 139 Wash., 510, 247 P., 960, 47 A. L. R., 529, is submitted in lieu of supporting authorities of the view of the law above stated. The syllabus' of this case is as follows:

"1. Damages resulting from a single tort, even though they be partly property damages and partly personal injury damages, cannot be made the subject of separate suits against the defendant, and a

judgment for the property damages will be a bar to another action for the personal injuries.

"2. The fact that the plaintiff, by contract with an indemnity company, has given the indemnity company the right of subrogation entitling it to prosecute an action in plaintiff's name for the property damages, does not give plaintiff the right to split the causes of action or to obtain more than one recovery for the tort."

See, also, *Georgia Ry. & Power Co.* v. *Endsley,* 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256.

The court in the opinion in the Washington case reviews at length the authorities in England and in this country bearing on the above question. Its conclusion is in accordance with the view above stated.