[Civ. No. 10302. Second Appellate District, Division Two.—September 19, 1935.]

INGLEWOOD PARK MAUSOLEUM COMPANY (a Corporation), Respondent, v. MARIE E. FERGUSON et al., Appellants.

Joseph Doyle and John J. Wilson for Appellants.

Mills, Hunter & Dunn and William B. Himrod for Respondent.

FRICKE, J., *pro tem.*—This is an action against a notary public and the surety on her official bond for damages suffered as the result of her certifying to an acknowledgment of a grantor's signature on a forged trust deed. Rachel Hancock was the owner of certain real estate held by her as her separate property. Without her authority her husband, Paul C. Hancock, arranged for a loan on the property, signed his name to the note and trust deed and forged her name to these documents, which were then placed in escrow with the Title Guarantee and Trust Company. Inglewood Park Mausoleum Company, the lender, deposited $23,500 with the escrow holder with instructions to use the same, provided that within a time specified the title company issue to it its title policy showing the deed of trust. At the same time Paul C. Hancock deposited escrow instructions signed ''Rachel M. Hancock by Paul C. Hancock'', deposited the note and trust deed to which he had forged the signature of his wife and then procured the acknowledgment of the deed by appellant Marie E. Ferguson, a notary public, without the knowledge of Rachel M. Hancock and without her appearance before the notary. The deed of trust was recorded, the title policy issued and the note delivered to respondent. All of the moneys deposited with the escrow holder were then paid out in accord- ance with the demands which were filed and the escrow instructions made by Paul C. Hancock. Rachel M. Hancock was unaware of any of these transactions until some time after their conclusion.

Appellants, without citation of authority, present the point that respondent had no cause of action, it having suffered no damage, since the Title Guarantee and Trust Company had under its title policy paid to respondent the full sum of $25,000. Appellants overlook the fact that in no sense was the insurance for their benefit, nor did this sum come from them, and that their liability for damages was not extinguished by the payment of the insurance policy. ''Damages recoverable for a wrong are not diminished by the fact that the party injured had been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute.'' (*Loggie* v. *Interstate Transit Co.*, 108 Cal. App. 165, 169 [291 Pac. 618],

quoting 8 R. C. L. 557, sec. 108; *Clark* v. *Burns Hammam Baths,* 71 Cal. App. 571, 575 [236 Pac. 152].)

█ Appellants also claim that the illegal acknowledgment was not the proximate cause of the damage. Respondent parted with its money to the escrow agent in reliance upon the authenticity and value of the note and trust deed. When respondent received the note and deed, title to the money passed to the escrow holder as the agent of Paul C. Hancock, who fraudulently represented himself to be the authorized representative of Rachel M. Hancock. (See *Shreeves* v. *Pearson,* 194 Cal. 699 [230 Pac. 448].) Even before the escrow agent paid out any of the money under instructions from Paul C. Hancock, respondent had been damaged and had its cause of action against appellants. Assuming, but not conceding, that the payment of the moneys by the escrow holder could be considered one of the proximate causes of respondent's damage, the acknowledgment of the forged deed was the basic proximate cause which led to the damage, and the fact that the escrow agent thereafter paid out the funds on the instructions of Paul C. Hancock does not make the latter act the sole proximate cause of the damage. █ It is not essential to a recovery of damages that a defendant's wrongful act be the sole and only cause of the injury; it is sufficient if it be a proximate cause which in the natural course of events produced, either by itself or in conjunction with other causes, the damage. (See *Royal Indemnity Co.* v. *Midland etc. Corp.,* 42 Cal. App. 628 [183 Pac. 960]; *Carroll* v. *Central etc. Co.,* 74 Cal. App. 303 [240 Pac. 53].)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 18, 1935.