DOOLING, Jr., J.,
 
 pro
 
 tem.
 

 This is an appeal from a judgment for $106 for damages to the rear of an automobile. Defendants proved in the trial court that plaintiff had been fully compensated for this damage by an insurance carrier. They then urged and urge on appeal that the insurance carrier became subrogated to all of plaintiff’s rights and was the real party in interest under Code of Civil Procedure section 367, and under that section the only party entitled to prosecute the action. They cite
 
 Offer
 
 v.
 
 Superior Court,
 
 194 Cal. 114 [228 Pac. 11].
 

 
 *Supp. 772
 
 Plaintiff counters by citing
 
 Loggie
 
 v.
 
 Interstate Transit Co.,
 
 108 Cal. App. 165 [291 Pac. 618], To this citation should be added
 
 Inglewood Park Mausoleum
 
 v.
 
 Ferguson,
 
 9 Cal. App. (2d) 217 [49 Pac. (2d) 305]. These two eases hold squarely that it is no defense to an action for damages to property that the plaintiff has been fully reimbursed by an insurer. We need not, however, rely on these cases to decide this appeal.
 

 Plaintiff introduced an assignment to the insurance carrier which contained the following provision:
 

 “The said Insurance Company, its successors and assigns are hereby forever authorized and empowered, . . . to . . . institute and prosecute such actions at law or in equity as it-shall deem proper, in the name of the undersigned or otherwise ...”
 

 The precise question was presented in
 
 Ephraim
 
 v.
 
 Pacific Bank,
 
 136 Cal. 646 [69 Pac. 436], In that ease it is stated on p. 647:
 

 “An assignment was offered in evidence from the plaintiff receiver to E. Schlessinger, made before the action was commenced, for the purpose of showing that the action was not brought in the name of the real party in interest. The assignment expressly conferred upon the assignee the right to prosecute and collect the allowance in the name of the receiver.”
 

 The court disposes of the point at p. 651 in the following language:
 

 “The plaintiff had the right to maintain the action within the rule in
 
 Giselman
 
 v.
 
 Starr,
 
 106 Cal. 651 [40 Pac. 8], If he should obtain a judgment, its satisfaction would protect the defendants from any claim by the assignee of plaintiff.
 
 ’ ’
 

 A search through Shepard shows that this holding was never been questioned or overruled in California. We feel bound by this decision and for that reason deem a discussion of authorities cited from other jurisdictions unnecessary.
 

 Judgment affirmed.
 

 Griffin, J., concurred.