[L. A. No. 19479. In Bank. June 18, 1946.]

ANHEUSER-BUSCH, INC. (a Corporation), Appellant, v. MAUD M. STARLEY, Respondent.

Elbert E. Hensley and John H. Klenke for Appellant.

Sigurd E. Murphy, George Finucane and Francis D. Thornton for Respondent.

CARTER, J.—Plaintiff appeals from a judgment for defendant entered on a directed verdict.

Denver-Chicago Trucking Company, hereinafter referred to as carrier, was engaged as a common carrier, in the transportation by truck of personal property owned by plaintiff. In the course thereof defendant's car collided with the carrier's truck containing the property, resulting in a partial destruction of the property. Prior to the commencement of this action the carrier paid plaintiff's claim for the damage to the property presumably under the law providing: "Unless the consignor accompanies the freight and retains exclusive control thereof, an inland common carrier of property is liable, from the time that he accepts until he relieves himself from liability pursuant to sections two thousand one hundred and eighteen to two thousand one hundred and twenty-two, for the loss or injury thereof from any cause whatever, except: 1. An inherent defect, vice, or weakness, or a spontaneous action, of the property itself; 2. The act of a public enemy of the United States, or of this state; 3. The act of the law; or, 4. Any irresistible superhuman cause." (Civ. Code, § 2194.) Evidence

was adduced that the claim was paid without reference to any negligence or tortious conduct on the part of the carrier. No release was given to the carrier by plaintiff.

In the instant action plaintiff seeks to recover damages to its property flowing from the collision, asserting that defendant's negligence was the cause of it. Defendant's motion for a directed verdict was granted solely upon the ground that plaintiff had been fully compensated for its loss by the carrier and that it was not a proper party plaintiff in this action.

■■■ Where a person suffers personal injury or property damage by reason of the wrongful act of another, an action against the wrongdoer for the damages suffered is not precluded nor is the amount of the damages reduced by the receipt by him of payment for his loss from a source wholly independent of the wrongdoer. (See *Peri* v. *Los Angeles Junction Ry.*, 22 Cal.2d 111 [137 P.2d 441]; *White* v. *Mary Ann,* 6 Cal. 462 [65 Am.Dec. 523]; *Lebet* v. *Cappobiancho,* 38 Cal.App.2d Supp. 771 [102 P.2d 1109]; *Inglewood Park M. Co.* v. *Ferguson,* 9 Cal.App.2d 217 [48 P.2d 305]; *Loggie* v. *Interstate Transit Co.,* 108 Cal.App. 165 [291 P. 618]; *Clark* v. *Burns Hammam Baths,* 71 Cal.App. 571 [236 P. 152]; 18 A.L.R. 678; 22 *Id.* 1558; 81 *Id.* 320; 15 Am.Jur., Damages, §§ 198-202; 25 C.J.S., Damages, § 99.) The rule has been applied where the independent source is pension systems or charity. The most typical case is where the person suffering the damage has procured insurance protecting him against the loss, to which the wrongdoer did not contribute in procuring, and his insurer pays him for the loss suffered. In the insurance cases its application is not prevented by the circumstance that the insurer is subrogated to the rights of the insured person suffering the damage as against the tort feasor. (See *White* v. *Mary Ann, supra; Lebet* v. *Cappobiancho, supra; Clark* v. *Burns Hammam Baths, supra;* 15 Am.Jur., Damages, § 201.) The analogy between that rule and the instant case is close.

■■■ The liability of the carrier to the owner for damage to property in transit under the contract to transport is practically absolute. The few exceptions are stated in the statutory law. (Civ. Code, § 2194, above quoted.) His liability is that of a limited insurer whether it be said to be contractual (the statute forming part of the contract), statutory or in tort. (See *Franklin* v. *Southern Pac. Co.,* 203 Cal. 680 [265 P. 936, 59 A.L.R. 118]; *Michalitschke Bros. & Co.* v. *Wells, Fargo & Co.,* 118 Cal. 683 [50 P. 847]; *Scammon* v. *Wells, Fargo & Co.,* 84

Cal. 311 [24 P. 284]; *Bohannan* v. *Hammond,* 42 Cal. 227; *American Fruit Distributors* v. *Hines,* 55 Cal.App. 377 [203 P. 821].)　　The recovery of the loss by the owner from the carrier comes from a source wholly independent of the tort feasor whose negligence caused the loss. Therefore under this rule plaintiff's action is not barred unless there are some other factors which compel it.

It is suggested that if plaintiff-shipper is permitted to recover from defendant tort feasor, the latter might be subsequently subjected to a like recovery by the carrier. This the law will not permit. We may look at the law of bailments for an analogy. Assuming the carrier would have an action against the tort feasor, and treating it as a bailee for the full value of the property destroyed by the tort feasor, a previous recovery by the shipper from the tort feasor would be a bar to such action except to the extent the action was for damage to the special interest in the property of the carrier-bailee, and, conversely, recovery from the tort feasor by the carrier-bailee of the full value of the property would be a bar to a subsequent action by the shipper-bailor except to the extent the action was for injury special to the bailor. (*Baggett* v. *McCormack,* 73 Miss. 552 [19 So. 89, 55 Am.St.Rep. 554]; *Central R. Co. of New Jersey* v. *Bayway Refining Co.,* 81 N.J.L. 456 [79 A. 292, Ann.Cas. 1912D 77]; *Illinois Cent. R. Co.* v. *Sims,* 77 Miss. 325 [27 So. 527, 49 L.R.A. 322]; *Terry* v. *Pennsylvania R. Co.,* 35 Del. 1 [156 A. 787]; *Masterson* v. *International & G. N. Ry. Co.* (Tex.Civ.App.) 55 S.W. 577; 34 C.J. 850-851; 6 Am.Jur., Bailments, § 358.) We are speaking here of actions against the *tort feasor* as distinguished from payment for the loss between the shipper and the carrier. If the carrier would have such an action by reason of the principle of subrogation, the result is the same. At least where the carrier-subrogee has notice of the action by the shipper-subrogor against the wrongdoer the satisfaction of a judgment obtained against the wrongdoer by the subrogor is a bar to an action by the subrogee against the tort feasor. (*Lebet* v. *Cappobiancho,* 38 Cal.App.2dSupp. 771 [102 P.2d 1109]; *Kidd* v. *Hillman,* 14 Cal.App.2d 507 [58 P.2d 662]; *Illinois Cent. R. Co.* v. *Hicklin,* 131 Ky. 624 [115 S.W. 752, 23 L.R.A. N. S. 870]; *Fidelity Ins. Co.* v. *Atlantic Coast Line R. Co.,* 165 N.C. 136 [80 S.E. 1069]; *Moltz* v. *Sherwood Bros,* 116 Pa. Super. 231 [176 A. 842]; 140 A.L.R. 1241.) The theory is that there are no longer any rights in the subrogor to which the subrogee may be subrogated.

The contention that the payment for the loss by the carrier to the plaintiff is a discharge of one joint tort feasor which discharges the other cannot be sustained. We have seen that the undisputed evidence shows that the payment was not based on any tortious liability. The carrier's liability was absolute and not dependent upon any fault on its part. It was a discharge of a liability independent of any tort liability and not arising from the same basis as the liability of defendant which is based on her tortious conduct, negligence.

A difficult question is presented when we come to the issue of whether or not defendant tort feasor may rely upon the defense of the contributory negligence of the carrier in an action by the plaintiff, shipper-owner. If the carrier was bringing the action against the tort feasor after having paid the shipper-owner the loss suffered by it, contributory negligence of the carrier would be a good defense. (Rest., Restitution, § 94.) From that premise it is argued that if the shipper is permitted to recover in an action by it from the wrongdoer without being required to meet the defense of contributory negligence of the carrier, the latter will wholly avoid meeting that issue to its unjust advantage by recovery from the shipper after the latter has recovered from the defendant tort feasor. It has been held that the contributory negligence of the carrier may not be imputed to the shipper in the latter's action against the tort feasor for his wrongful destruction of the goods, or in other words, that contributory negligence of the carrier is no defense in such an action. (*Bower* v. *Union Pac. R. Co.*, 106 Kan. 404 [188 P. 420].) But in a case where the carrier has paid the shipper-owner the loss suffered, we believe the more just rule to be that contributory negligence of the carrier is a defense. Otherwise the tort feasor would be deprived of his defense of contributory negligence which he would have against the carrier. The latter should not be enabled to escape that defense by the method above mentioned. If the defense were not allowed, it might be said that the carrier, because of its contributory negligence could not recover from the shipper after it had paid the shipper and the latter had recovered from the tort feasor. That would permit double recovery by the shipper which is not favored.

The foregoing discussion also answers the contention that plaintiff shipper is not the real party in interest. The general test of such a party is: "It [Code of Civ. Proc., sec. 307] is to save a defendant, against whom a judgment may

be obtained, from further harassment or vexation at the hands of other claimants to the same demand. It is to prevent a claimant from making a simulated transfer, and thus defeating any just counterclaim or setoff which defendant would have to the demand if pressed by the real owner. But where the plaintiff shows such a title as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, then there is an end of the defendant's concern and with it of his right to object; for, so far as he is interested, the action is being proscuted in the name of the real party in interest.'' (*Giselman* v. *Starr*, 106 Cal. 651, 657 [40 P. 8].) As we have seen, such protection is afforded in the case at bar.

The judgment is reversed.

Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.

TRAYNOR, J.—I dissent. In my opinion plaintiff's action is barred on the ground that plaintiff has been fully compensated by the carrier for the injury to its goods and would be unjustly enriched by a double recovery.

''When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages.'' (*Lovejoy* v. *Murray*, 3 Wall. (U.S.) 1, 17 [18 L.Ed. 129]; *Miller* v. *Beck*, 108 Iowa 575 [79 N.W. 344]; *The Beaconsfield*, 158 U.S. 303, 307 [15 S.Ct. 860, 39 L.Ed. 993]; *Le Blond Schacht Truck Co.* v. *Farm Bureau Mut. Aut. Ins. Co.*, 34 OhioApp. 478 [171 N.E. 414]; *Hart* v. *Western R. R. Corp.*, 54 Mass. (13 Met.) 99, 105 [46 Am.Dec. 719].) Whether the persons who are responsible to the plaintiff have acted jointly or separately is immaterial, for the controlling questions are whether the loss for which they are responsible is identical and whether the payment by one of them has fully compensated the plaintiff. As this court stated with respect to an injury for which several persons were responsible: ''Whether it was caused by their joint or several acts is immaterial. It would be subordinating substance to mere form to say that these two actions do not under the circumstances rest upon one and the same cause. This being so, and it appearing that

plaintiff had been once compensated for the injury suffered, the court below was right in denying her a second award of damages for the same act." (*Butler* v. *Ashworth,* 110 Cal. 614, 620 [43 P. 4, 386].) "Where the bar accrues in favor of some of the wrongdoers by reason of what has been received from . . . one or more others . . . the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction. . . ." (*Dawson* v. *Schloss,* 93 Cal. 194, 199 [29 P. 31] ; *Tompkins* v. *Clay Street R. R. Co.,* 66 Cal. 163, 166 [4 P. 1165] ; *Urton* v. *Price,* 57 Cal. 270, 272.)

Since the rule against double recovery is aimed at preventing unjust enrichment, it is not only immaterial whether plaintiff has one or several causes of action against tort feasors, but whether one of his causes of action is based on contract and the other on tort, whether the one requires proof of negligence and the other does not. The decisive consideration in barring an action seeking double recovery is that plaintiff shall not recover twice for his loss by taking advantage of the fortuitous circumstance that more than one person is responsible to him for that loss. (Prosser, Torts, 1105-1107 ; see, also, *Ash* v. *Mortensen,* 24 Cal.2d 654, 657 [150 P.2d 876] ; *Wheat* v. *Carter,* 79 N.H. 150 [106 A. 602] ; *Coleman* v. *Gulf Refining Co.,* 172 Ark. 428 [289 S.W. 2].)

As a bailee the carrier had a right to bring an action for damages for the injury to the goods in its custody, even before it compensated the bailor for its loss. (*Armstrong* v. *Kubo & Co.,* 88 Cal.App. 331, 334 [263 P. 365] ; *Bode* v. *Lee,* 102 Cal. 583 [36 P. 936] ; *Roberts* v. *Burr,* 135 Cal. 156, 161 [67 P. 46] ; *Whithworth* v. *Jones,* 58 Cal.App. 492, 497 [209 P. 60] ; *Burkett* v. *United States,* 71 F.2d 683 ; *The Beaconsfield,* 158 U.S. 303, 307 [15 S.Ct. 860, 39 L.Ed. 993] ; *Juniata Acceptance Corp.* v. *Hoffman,* 139 Pa.Super. 87 [11 A.2d 494] ; see Rest., Judgments, § 88(2) ; Holmes, The Common Law, 167 et seq.) Damages for the injury to the goods, which it would recover as trustee for its bailor before it paid the bailor's damages, could be recovered by the carrier on its own account after it had satisfied the bailor. Since the carrier's damages, including its outlay to compensate its bailor, would determine its cause of action against defendant, it is clear that the carrier would have to deduct from its claim the amount it had received as a result of the sale of part of the

goods that were salvaged as well as the value of the goods remaining in its hands. If plaintiff is entitled to bring the present action, however, it is difficult to see on what theory it would be required to deduct from its claim the proceeds of the sale of the salvaged goods or the value of the goods remaining in the hands of the carrier. The sale was made, not˙for the account of plaintiff, but for the account of the carrier who received the proceeds thereof, and the goods remaining in the hands of the carrier are no longer the plaintiff's since it has received from the carrier the full amount for which it could have sold the goods had they arrived safely at their destination. Moreover, if plaintiff could bring this action, it is not clear why, as the majority opinion states, defendant could raise the defense of contributory negligence. It is settled that contributory negligence of the carrier is no defense in an action for damages to the goods of a shipper brought by the shipper against one who has injured the goods. (*Hornstein* v. *Kramer Bros. etc. Lines,* 133 F.2d 143, 147; see 2 Rest., Torts, § 489; Prosser, Torts, 425, and cases there cited.) To hold that in the present action defendant is entitled to raise that defense because plaintiff is already fully compensated for its damages by the carrier would simply mean that plaintiff cannot bring an action for its own account and is merely suing as a trustee for the carrier. Plaintiff, however, has not brought this action as a trustee nor does it want to be treated as such, for it has taken the position that contributory negligence of the carrier cannot be set up against it on the ground that its cause of action is different from that of the carrier. Although plaintiff concedes that it has received full compensation for its loss from the carrier and·has even turned over to the carrier what was received from the sale of the salvaged goods, it brings this action as if it were entitled in its own right to the damages it seeks from defendant. Plaintiff has offered no reasonable explanation why this action is brought by it rather than by the carrier. The conclusion seems inescapable that the purpose is to defeat legitimate defenses that defendant might have against the carrier.

It is contended that the rule against double recovery does not apply to this action on the grounds that plaintiff recovered from the carrier by virtue of its contract and that its claim thereunder is independent of any claim against defendant as a tort feasor. ˙ In support of this contention an analogy to an insurance contract is invoked. It is asserted that had plain-

tiff been compensated under an insurance contract it would not be barred from bringing an action against one who injured its goods, and that similarly it should not be barred because it has received compensation for its loss under a contract with a common carrier whose liability for the damages, like that of an insurer, does not depend on any fault of its own.

Certain insurance benefits are regarded as the proceeds of an investment rather than as an indemnity for damages. Thus it has been held that the proceeds of a life insurance contract made for a fixed sum rather than for the damages caused by the death of the insured are proceeds of an investment and can be received independently of the claim for damages against the person who caused the death of the insured. The same rule has been held applicable to accident insurance contracts. As to both kinds of insurance it has been stated: "Such a policy is an investment contract, giving the owner or beneficiary an absolute right, independent of the right against any third person responsible for the injury covered by the policy." (*Gatzweiler* v. *Milwaukee Elec. Ry. & L. Co.*, 136 Wis. 34 [116 N.W. 633, 128 Am.St.Rep. 1057, 16 Ann.Cas. 633, 18 L.R.A.N.S. 211]; *Suttles* v. *Railway Mail Assn.*, 156 App. Div. 435 [141 N.Y.S. 1024, 1026]; see 18 A.L.R. 678; 95 A.L.R. 575; 29 Am.Jur. 1003-4.) Hence in the case of life or accident insurance, the insurer, in the absence of a provision to the contrary in the insurance contract, has no right to be subrogated to the rights of the owner or beneficiary of the policy against the wrongdoer who caused the insured's death or injury. An insurer who fully compensates the insured, however, is subrogated to the rights of the insured against one who injured his property if the insurance was for the protection of the property of the insured, and was therefore an indemnity contract. (See Vance, Insurance (2d ed.), 668-681; 6 Appleman, Insurance, §§ 4051, 4052; 29 Am.Jur. 999-1001, 1003-1004.) In such cases subrogation is the means by which double recovery by the owner is prevented and the ultimate burden shifted to the wrongdoer where it belongs. (*Hart* v. *Western R. R. Corp.*, 54 Mass. (13 Met.) 99, 105 [46 Am. Dec. 719].) The wrongdoer must bear the ultimate burden of the injury and cannot escape liability because the owner is insured, for the insurance was not taken for the benefit of the wrongdoer but for that of the owner.

So long as there was no merger of law and equity procedure

an insurance company subrogated to the right of the insured could not bring an action at law but could only sue in equity when it availed itself of the rights of its insured against a third person. (See cases collected, 96 A.L.R. 864; Clark, Code Pleading, 109.) The result was that the insured had to bring the action in his own name, and the defendant could not raise the defense that the insured was paid for his damages because the allowance of such a defense would, for procedural reasons, have defeated any recovery against the wrongdoer. Since courts have recognized that under modern procedure one who is subrogated to the rights of another can bring any action that the other could have brought, they have also recognized that when the insured is fully compensated for his property damages by an insurer, the latter may bring an action for the damages against a third person and that if the insured brings the action he can do so only as a trustee for the insurer. (*Harrington* v. *Central States Fire Ins. Co.,* 169 Okla. 255 [36 P.2d 738, 96 A.L.R. 859]; *Firemen's Ins. Co.* v. *Bremner,* 25 F.2d 75, 76; see *Offer* v. *Superior Court,* 194 Cal. 114, 120 [228 P. 11]; cases collected 96 A.L.R. 868, 869; 29 Am.Jur. 1016; 6 Appleman, Insurance, p. 604; see, also, *Lord & Taylor* v. *Yale & Towne Mfg. Co.,* 230 N.Y. 132, 141 [129 N.E. 346]; *Vahlsing, Inc.* v. *Hartford Fire Ins. Co.* (Tex.Civ.App.), 108 S.W.2d 947; Clark, Code Pleading, 109-110.)

In the present case the defendant does not escape liability if plaintiff is barred from bringing this action, for defendant is liable to the carrier for any injury suffered by the carrier caused by defendant's negligence. Since the carrier has a cause of action of its own for all its damages the equitable doctrine of subrogation is not needed; the amount of the carrier's damages is simply increased by the fact that it was liable to plaintiff for the injury to plaintiff's goods and has compensated plaintiff therefor.

It appears, therefore, that if plaintiff is suing in its own right, it cannot recover compensatory damages for the wrong, for it has been fully compensated for all of its actual damages. If plaintiff is not suing in its own right, it has failed to bring itself within any justifiable exception to the requirement of modern pleading that an action must be maintained by the real party in interest. The only purpose the action can serve is somehow to defeat the defenses that the defendant may have against the carrier. This court should not lend its aid to the accomplishment of such a purpose.