277 P.2d 559

SWIFT & COMPANY, a corporation, Plaintiff-Appellant,

v.

Joe GUTIEREZ, Defendant-Respondent.

No. 8131.

Supreme Court of Idaho.

Dec. 9, 1954.

William H. Foster, Grangeville, for appellant.

Lowe & Lowe, T. H. Church, Burley, for respondent.

**THOMAS, Justice.**

A tort action was brought by plaintiff, appellant here, to recover damages arising out of the destruction of its property being transported in a truck by private contract carrier. This truck collided with a truck owned and operated by defendant, respondent here.

Defendant's answer consisted of a general denial and an affirmative defense that the negligence of the private contract carrier was the proximate cause of any damages suffered by plaintiff.

After plaintiff rested, defendant moved for nonsuit on the ground, so far as this appeal is concerned, that the evidence established that plaintiff had been fully compensated for any damages it may have sustained. The motion was granted solely upon this ground and judgment of nonsuit entered from which plaintiff appeals.

Plaintiff contends that the court erred in permitting a witness of the plaintiff, under cross-examination, to testify over objection that plaintiff had been compensated for its loss arising out of the collision involved in the action, and in likewise admitting in evidence over objection, under such cross-examination, an exhibit showing such compensation, though not its source, and in granting the motion for and entering judgment of nonsuit.

Neither this particular witness nor any witness of the plaintiff was examined on direct examination with respect to the matter of plaintiff receiving compensation for damages arising out of the collision.

It is urged by plaintiff that the matter of such compensation was not pleaded by defendant and when not pleaded in a tort action is not within the issues. On the other hand, defendant asserts that under a general denial in such tort action any evidence which shows that plaintiff has been compensated or paid for alleged damages is admissible and is a complete defense unless plaintiff then goes forward and proves that such payment came from a source wholly independent of the wrong-doer.

Defendant relies principally upon the cases of Brooks v. Beach, 50 Idaho 185, 294 P. 505; Finlayson v. Harris, 49 Idaho 697, 291 P. 1071 and Marysville Development Co. v. Hargis, 41 Idaho 257, 239 P. 522, to support his contention that evidence of payment or compensation is admissible under a general denial. These cases do

support such a proposition in a contract action. See also Annotation, 100 A.L.R. 264; 70 C.J.S., Payment, § 91c.

It is further urged by defendant that in any event he may set up any facts in a tort action which tend to show that the plaintiff has not suffered damages to the extent claimed; because of the conclusion hereinafter reached it is not necessary to nor do we pass upon this contention.

No authority has been called to our attention nor has our search revealed an instance where a court has held that a defendant under a general denial in a tort action may introduce evidence of payment of the damages claimed.

 Generally only such evidence is admissible under a general denial as tends to disprove the facts which the adverse party is bound to establish to sustain his claim or defense. 71 C.J.S., Pleading, § 529a & b. See also Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303.

 In a tort action the plaintiff must allege the existence of a duty on the part of defendant, a violation of that duty or set forth a sufficient allegation showing the manner in which defendant has committed an actionable wrong against plaintiff, and an injury to plaintiff resulting from such breach or wrong. It is not necessary to nor did the plaintiff allege or attempt to prove non-payment of his alleged damages.

The distinction between a contract action and a tort action in these respects is aptly set forth in the case of Howerton v. Augustine, 130 Iowa 389, 106 N.W. 941, at page 942, as follows:

"But, however this may be, our attention has not been called to any rule of pleading in actions for tort requiring plaintiff to allege and affirmatively prove in the first instance that the damages have not been paid. In actions for breach of contract for the payment of a specified sum of money, nonpayment constitutes the very breach of the contract sued for, and without allegation of nonpayment plaintiff does not in such cases show a cause of action. Therefore it has generally been held that in such a case nonpayment being specifically alleged may be controverted under a general denial. [Citing cases.] But in an action for tort plaintiff's cause of action is fully stated when he had alleged defendant's wrong, and the resulting damages and any subsequent payment of the damages is a fact of affirmative defense to be pleaded and proved by the defendant. See Code, § 3629. And this is the general rule. Phillips, Code Pleading, § 363. It was not necessary, therefore, that plaintiff in this case should allege nonpayment of his damages, and his failure to allege and prove such nonpayment was not a ground on which a verdict could properly be directed against him."

This court, in the case of Wilde v. Hansen, 70 Idaho 8, 211 P.2d 153, a tort action,

recognized and applied the rule set forth in the case of Howerton v. Augustine, supra, and concluded therein that payment of damages is not an issue under a general denial and, hence, is not available to the defendant as a defense.

To make the defense urged by the defendant herein available as a bar it must be plead and proved that the payment to plaintiff-appellant was by the defendant or from a source connected with him and to which he had contributed. Anheuser-Busch, Inc. v. Starley, 28 Cal.2d 347, 170 P.2d 448, 166 A.L.R. 198, and authorities therein cited including those incorporated in 25 C.J.S., Damages, § 99; Greene v. M. & S. Lumber Co., 108 Cal.App.2d 6, 238 P.2d 87.

"* * * On cross-examination defendant's counsel, over objection, was permitted to elicit from plaintiff the information that most of her hospital bills had been paid by the Blue Cross, with whom she had a policy, and that she had drawn $460 from the United States Employment Service for disability. It was error to have admitted this testimony. Total or partial compensation received by an injured party from a collateral source, wholly independent of the wrongdoer, does not operate to reduce the damages recoverable from the wrongdoer. Anheuser-Busch, Inc. v. Starley, 28 Cal.2d 347, 349, 170 P.2d 448, 166 A.L.R. 198; Peri v. Los Angeles Junction Ry. Co., 22 Cal.2d 111, 131, 137 P.2d 441, see, also, 15 Am.Jur. p. 615, § 198; 18 A.L.R. 678; Shea v. Rettie, 287 Mass. 454, 192 N.E. 44, 95 A.L.R. [571], 575.* * *" Gersick v. Shilling, 97 Cal.App.2d 641, 218 P.2d 583 at page 589.

American Alliance Ins. Co. v. Capital Nat. Bank, 75 Cal.App.2d 787, 171 P.2d 449, cited by respondent in distinguishing Anheuser-Busch, Inc. v. Starley, supra, approved the rule therein announced.

Judgment is reversed and the cause remanded with directions to grant a new trial.

Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.

This opinion was written and agreed upon prior to the death of THOMAS, J., on November 22, 1954.