## AETNA INSURANCE CO v WILLIAMSON HEATER CO

Ohio Common Pleas, Hamilton Co

Decided Dec 24, 1935

Cobb, Schott, Tieman & Meyer, Cincinnati, for the demurrer.

Francis A. Hoover, Cincinnati, for plaintiff.

## OPINION

By ALFRED MACK, J.

Briefly stated, in this action commenced November 28, 1932, the amended petition alleges that plaintiff issued its insurance policy in the sum of $2,000 to Mrs. Gertrude Gerstner, insuring her against loss by fire upon certain property; that she contracted with defendant, The Williamson Heater Company to install a furnace in said premises; that by reason of the negligence of defendant in failing to observe the ordinances of the city of Cincinnati, said furnace was so installed as to cause a fire in the described premises on February 19, 1929; that thereafter Mrs. Gerstner commenced suit against defendant for negligent and wrongful damage to her property by reason of the act of defendant; that said policy of insurance provided that when a fire was caused by the neglect of any other person, the plaintiff, "on payment of the loss, be subrogated to the extent of such payment, to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment;" that Mrs. Gerstner settled the suit with the insurance company, receiving from it a valuable consideration, and executing to defendant a release, which provided that nothing in the agreement of settlement should conflict with any legal obligation of Mrs. Gerstner to plaintiff company, nor the claims of plaintiff company against defendant.

It is alleged that plaintiff was compelled to pay on said policy of insurance $2,000. It is further alleged "that by reason of the payments to Mrs. Gerstner by plaintiff and defendant" Mrs. Gerstner has been fully paid and compensated for all loss sustained by her by virtue of said fire.

There is no allegation that an instrument was executed making any assignment by Mrs. Gerstner to plaintiff. The prayer is for a judgment of $2,000 against defendant.

To this amended petition a demurrer has been filed, alleging first, a defect of parties; second, that the amended petition does not state facts sufficient to constitute a cause of action against defendant; third, that it appears on the face of the amended petition that the alleged cause of action is barred by the statute of limitations.

Summarized, essential facts herein are:

Plaintiff insurance company issued to G its policy of fire insurance in the sum of $2,000; G contracted with the W company to install a furnace in the insured premises; by the actionable neglect of W company a fire ensued in said premises on February 19, 1929; G received from plaintiff insurance company the full amount of its policy and by settlement with the W company an additional amount sufficient to cover the damage, such settlement pre-

serving the rights of the plaintiff insurance company; the policy of insurance provided that on payment of loss the insurance company should be subrogated to the rights of the insured against one causing fire by actionable neglect, and that such right shall be assigned to the insurance company by the insured, on receiving payment of policy; the insurance company filed present action against the W company November 28, 1932, to recover the amount of policy paid by it to insured by reason of damage through actionable neglect of W· company.

In such case the following questions are raised:

(a) Can the insurance company commence an action in its own name against W company to recover the amount paid under its policy of insurance to G?

(b) Does the principle which forbids a splitting of causes of action into several suits by several parties apply to instant case?

(c) Is the action barred by the statute of limitations?

### A.

There is a clear distinction between truly equitable subrogation, which arises by implication of law, and conventional subrogation by reason of contract. In instant case the insurance company's rights arise by reason of the claim of insured against the wrongdoer assigned to it when the insurance company pays the full amount of the policy. Rights of the insurance company in such case are those of an assignee. That being so, the rights of the insurance company are derivative rights, whereby it stands in the shoes of the insured, and are not equitable rights arising by implication of law.

The rule which requires an insurance company to pay the full amount of loss in such case before it can maintain an action as assignee is not affected by the fact that the insured has an additional claim which he has settled. It is sufficient that the insured no longer has any claim left except the claim assigned by him to the insurance company on the full payment of its policy of insurance.

It therefore follows that in the instant case the insurance company can maintain an action against the W company in its own name to recover the full amount of the insurance paid by it to G. Cox v·Cincinnati Traction Co., 32 O.C.A. 487, (motion to certify denied by Supreme Court); LeBlond v Schacht Truck Co., 34 O.A.R., 478.

It follows therefore that there is not a defect of parties.

### B.

If we are correct in our conclusion that there is no claim left except the claim of insured against the wrongdoer assigned by insured to the insurance company on the full payment of the policy of insurance, then this action is rightly commenced by the insurance company against the W company, and the amended petition states facts sufficient to constitute a cause of action against the W company.

### C.

Defendant argues that the action is barred by §11224-1, GC, providing:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Obviously the damage to the property of G caused by the fire was not injury to **"personal property."** Upon the contrary, it was injury to real estate. Accordingly the statute of limitations governing this case is §11224, GC, which gives four years after the cause of action accrued wherein to commence an action "for an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated."

Plaintiff's action in the instant case is as assignee of G's right in tort for injury to her real estate.

As the action in the present case was commenced on November 28, 1932, it was commenced in less than four years from the commission of the tort, which is alleged to have been committed on February 19, 1929, and therefore is not barred by the provisions of §11224, GC.

Let the demurrer to the amended petition be overruled.